## ROSSMAN VS. TOWNSEND.

If A contracts to ship flour for B, and B procures C to deliver flour to A on his contract, A, after receiving and shipping such flour as for B, is not liable to C for the price of it, there being no privity between them.

APPEAL from the Circuit Court for *Sheboygan* County.

There is no bill of exceptions in this cause now on file in this court. The facts, so far as they are essential to an understanding of the point decided, are stated in the opinion of the court.

*J. A. Bentley*, for appellant.

*B. Williams* and *H. W. & D. K. Tenney*, for respondent.

*By the Court*, PAINE, J. This action was brought to recover the price of a quantity of flour which, it was claimed, belonged to the plaintiff and had been sold by the defendant. It appeared on the trial that Sperling & Co. had a contract with the defendant, by which the latter was to ship flour for them, and make certain advances at the time it was delivered. They made arrangements with a number of farmers, and among others with the plaintiff, to deliver to the defendant flour to be shipped on their contract. The plaintiff delivered a quantity, took a warehouse receipt acknowledging that the flour had been received from Sperling, and gave a receipt for the advance, signed by him " for Sperling & Co."

The defendant's counsel asked the court to instruct the jury that "unless the defendant knew that the flour covered by the receipts upon which he advanced money belonged to the plaintiff at the time the advances were made, the plaintiff cannot recover the balance in this action." This the court refused to give, which we think was error. If the defendant received this flour on the contract with Sperling & Co., and the plaintiff made arrangements with them to deliver it on their contract, without making any arrangement whatever with the defendant on his own account, then the effect of the transaction, so far as the defendant was concerned, was that the plaintiff sold the flour to Sperling & Co., and allowed them to sell it to the defendant as their own. In that case there was no privity of contract between the plaintiff and defendant, and the plaintiff must look to Sperling & Co., with whom he dealt.

Suppose I contract with a man to furnish for me materials for a house, agreeing to make certain advances as they are delivered. He informs some third party, who has such materials as are required, that he has such a contract, and tells him that he may deliver the materials on it, if he chooses, and receive the advance. He does so, acting in the name of the contractor. Can he then turn round and sue me for the price? Clearly not. A man cannot be made debtor to any indefinite number, with whom he never contracted, by their making arrangements with one with whom he has contracted to deliver property on his contract. The legal effect of such a transaction is a sale by them to the one for whom they deliver, and not to the one to whom the delivery is made. This seems to be the precise question presented by the instruction asked, and it should have been given.

The judgment is reversed, with costs, and a new trial ordered.