70  125
74  359

[No. 11444.   Department One. — July 12, 1886.]

THOMAS McCANTS, Appellant, *v.* E. N. BUSH
ET AL., Respondents.

Mechanic's Lien — Subcontractor — Lien for Balance Due — Liabil-ity of Owner. — Prior to the amendments of March 18, 1885, to the sections of the Code of Civil Procedure regulating the liens of mechanics, a notice by a subcontractor to the owner of a building which is being constructed that a balance is due him on his subcontract from the origi-nal contractor does not impose on the owner the duty of retaining a portion of the contract price to satisfy any lien which the subcontractor might subsequently file.

Appeal from a judgment of the Superior Court of Sacramento County.

In 1884, E. N. Bush, being the owner of certain prem-ises in Sacramento, contracted with Madden and Brennan to erect for him a residence thereon.   Madden and Bren-nan employed plaintiff to do a certain portion of the work included in their contract, and to furnish the mate-rials therefor.   Upon the completion of the work, in No-vember, 1884, Bush paid the contract price in full to

Madden and Brennan. On the 16th of October, 1884, the plaintiff served on Bush a notice to the effect that a balance was due him under his subcontract with Madden and Brannan, and on the 6th of December, 1884, filed a claim of lien against the building, for the enforcement of which this action is brought. Judgment was rendered in favor of the defendants.

*D. E. Alexander*, and *Jay R. Brown*, for Appellant.

After the service of the notice, it was the duty of the owner of the building to have seen that the plaintiff was paid before paying the original contractors in full. (*Renton* v. *Conley*, 49 Cal. 188; *McAlpin* v. *Duncan*, 16 Cal. 127; *Bowen* v. *Aubrey*, 22 Cal. 571.)

*J. F. Ramage, S. Solan Holl, Young & Dunn, W. H. Beatty, S. C. Denson*, and *Matt. F. Johnson*, for Respondents.

The authorities cited by appellant were based upon the statute of 1862, which did not provide for the filing of a lien by a subcontractor, but permitted him to file a notice with the owner. The remedy of the subcontractor is now different. (Code Civ. Proc., secs. 1183, 1185, 1187.)

McKinstry, J.—The facts on which the plaintiff sought to recover in this action all occurred before the amendments to the chapter of the Code of Civil Procedure treating of the "Liens of Mechanics," which were adopted March 18, 1885.

We agree with the court below that as the law then stood the service of the notice of the 16th of October, 1884, set forth in complaint, did not affect the rights of the parties, nor impose on defendant Bush the duty of retaining a portion of the contract price to satisfy any lien which the plaintiff might subsequently file.

Judgment affirmed.

Myrick, J., and Ross, J., concurred.