[No. 11721. In Bank.—December 20, 1887.]

T. WALSH, RESPONDENT, *v.* J. C. McMENOMY ET AL., APPELLANTS.

MECHANICS' LIENS — MATERIAL-MEN — COMPLETION OF BUILDING — CONTRACT — PREMATURE PAYMENT OF CONTRACT PRICE. — Under the mechanic's lien law as it existed prior to the amendment of March 18, 1885, when a contract is made for the construction of a building, by the terms of which a portion of the contract price is not due until after the building is completed, and materials have been furnished for and used in its construction, and thereafter, and with notice thereof, the owner pays the original contractor in full before the building is completed, he is liable to the material-man to the extent of the contract price thus prematurely paid, and to that extent the material-man may have an enforceable lien against the premises.

ID. — HOMESTEAD NOT LIABLE FOR SUBSEQUENT LIEN.— Prior to the amendment of March 9, 1887, to section 1241 of the Civil Code, land on which a homestead has been declared after materials have been furnished for the construction of a building thereon, but before a claim of lien therefor has been filed, is not subject to execution sale in satisfaction of such lien.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Bicknell & White,* and *H. T. Gage,* for Appellants.

The contract price having been paid before the filing of the lien, the plaintiff has no cause of action. (*Blythe* v. *Poultney,* 31 Cal. 233; *Dingley* v. *Greene,* 54 Cal. 333; *O'Donnell* v. *Kramer,* 65 Cal. 353; *Turner* v. *Strenzel,* 70 Cal. 28; *McCants* v. *Bush,* 70 Cal. 125; *Wiggins* v. *Bridge,* 70 Cal. 437.) The fact· that a homestead was declared upon the premises prior to the filing of notice of lien is itself sufficient to defeat the action. (Civ. Code, sec. 1241; *Richards* v. *Shear,* 70 Cal. 187; *McCracken* v. *Harris,* 54 Cal. 81; *Sullivan* v. *Hendrickson,* 54 Cal. 258.)

*Wells, Van Dyke & Lee,* and *Barclay & Wilson,* for Respondent.

In order to furnish a defense against a lien-holder, the payments by the owner must have been made in accordance with the terms of the contract. (*Renton* v. *Conley,* 49 Cal. 188; *Quale* v. *Moon,* 48 Cal. 478; *Morehouse* v. *Moulding,* 74 Ill. 322; *Crawford* v. *O'Conner,* 73 Ill. 600; *Post* v. *Campbell,* 83 N. Y. 279.) The lien cannot be displaced by any act of the owner after the work was commenced to be done, or materials were first furnished, whether by filing a homestead declaration, or by mortgaging the premises, or otherwise. (Code Civ. Proc., sec. 1186; *McCrea* v. *Craig,* 23 Cal. 525; *Tuttle* v. *Montford,* 7 Cal. 358; *Soule* v. *Dawes,* 7 Cal. 575; *Crowell* v. *Gilmore,* 13 Cal. 54; *Barber* v. *Reynolds,* 44 Cal. 520; *Germania B. & L. Ass'n* v. *Wagner,* 61 Cal. 349.)

SEARLS, C. J.— This is an action to foreclose a mechanic's lien in favor of a material-man, and for labor performed. Plaintiff had judgment, from which, and from an order denying a new trial, defendants J. C. McMenomy and Mary J. McMenomy, his wife, appeal. The defendant Mary J. McMenomy owned a lot of land in the city of Los Angeles. Her husband J. C. McMenomy, in 1884, made a contract with the defendant

Brittlestone to build a house upon said lot of land. By the terms of the contract seventy-five per cent of the value of the work done was to be paid to the contractor upon the certificate of the architect, as the work progressed, and the balance of the contract price was to be paid within thirty-five days after the completion and delivery of the house, upon a certificate of the architect that the work had been done.

Plaintiff furnished material to the contractor which was used in the construction of the building, and finally the contractor, having failed to complete the work, performed labor to a small extent thereon, and it was completed within the time provided by the bondsmen of the contractor, without other expense to the owner than the contract price, which was $1,930. The building was completed April 28, 1885, accepted by McMenomy and wife, who went into possession and have ever since occupied it.

In January, 1885, and before the building was completed, defendant J. C. McMenomy paid the contractor in full for the erection of the building, all of which, except eleven hundred dollars, was paid without any certificate from the architect, and before it fell due and after plaintiff had notified him of his demand.

The court finds that defendant Mary J. McMenomy had knowledge of the contract, and of the erection of the house upon her land, and consented to the same. Plaintiff's lien was filed May 25, 1885. Defendants McMenomy filed a homestead on the property in question May 2, 1885. This was after the material was furnished by plaintiff and used in the building, but, as may be seen, before plaintiff's lien was filed.

Appellants make two points upon the judgment roll, viz.: "1. The contract price having been paid before the filing of the lien, plaintiff has no cause of action; 2. The fact that a homestead was declared upon the premises prior to the filing of the notice of lien is itself sufficient to defeat this action."

Upon the first proposition, it has been held that under the law as it existed prior to the amendment of March 18, 1885, the liens of material-men furnishing materials to a contractor, and of laborers under such contractor, are subject to the original contract, and if, in accordance with the original contract, such contractor has been paid in full, or if by reason of abandoning the contract nothing remains due him, no lien can be enforced by the material-man or subcontractor. (*Dingley* v. *Greene*, 54 Cal. 333, and cases there cited; *McCants* v. *Bush*, 70 Cal. 125; *Wiggins* v. *Bridge*, 70 Cal. 437; *Turner* v. *Strenzel*, 70 Cal. 28.)

The subcontractor cannot acquire any rights against the owner in violation of the terms of the original contract, and knowledge of a contract in writing by the owner with the original contractor charges him with notice. (*Bowen* v. *Aubrey*, 22 Cal. 566.)

But if the material-man and subcontractor are bound by the contract between the owner and original contractor, it should follow that when a contract is made by the owner for the construction of a building, by the terms of which a portion of the contract price is not due until after the building is completed, and when, as here, materials have been furnished for and used in the construction, presumably in view of such contract, and when thereafter, and with notice thereof, the owner pays his original contractor before the building is completed and before the money is due, he must be held liable to the material-man to the extent of the money thus prematurely paid.

To hold otherwise would be to enable the owner to practice a fraud, and the contract, instead of a chart for the direction of material-men, subcontractors, and laborers under the original contractor, would become a delusion and a fraud.

We think this conclusion is fairly deducible from *Renton* v. *Conley*, 49 Cal. 185, *Quale* v. *Moon*, 48 Cal.

478, and other adjudicated cases, in which, although the question is not directly adjudicated, yet the court, in holding the owner not to be liable, takes care to show his payments to have been made in compliance with the contract.

Does the fact that the homestead was declared upon the premises after the materials were furnished, but before the lien therefor was filed, defeat the lien?

Homesteads prior to March 9, 1887, were subject to execution or forced sale in satisfaction of judgments obtained, "on debts secured by *mechanics', laborers', or vendors' liens*, upon the premises," etc. (Civ. Code, sec. 1241.)

As the section omitted from the liens for which the homestead could be sold, that of *material-men*, this court held in *Richards* v. *Shear*, 70 Cal. 187, that one who furnished materials for the construction of a building on real property, after it had been impressed with a homestead, could not obtain a lien thereon for the materials furnished.

But in the case at bar the homestead did not exist when the materials were furnished, and the question arises, Does this alter the case?

We think not. It is true, the mechanic's lien law provides that "the liens provided for in this chapter [chapter 2] are preferred to any lien, mortgage, or other encumbrance which may have attached subsequent to the time when the building, improvement, or structure was commenced, work done, or materials were commenced to be furnished; also to any lien, mortgage, or other encumbrance of which the lien-holder had no notice, and which was unrecorded at the time," etc. (Code Civ. Proc., sec. 1186.)

So, too, section 1185 of the same code provides that the land upon which a building is constructed shall be subject to the lien, if, at the commencement of the work, or of the furnishing of materials for the same, the land belonged to the person who caused the building to be constructed, etc.

These provisions relate to liens generally, and apply to all property to which liens can attach.

The question still remains, Can a lien for materials furnished be taken and enforced against a homestead under the law as it stood prior to March 18, 1885.

Section 1240 of the Civil Code, hereinbefore referred to, exempts it from execution or forced sale, except in the cases specified; viz., in satisfaction of judgments obtained before the declaration was filed for record, which constitute liens on the premises; on debts secured by mechanics', laborers', or vendors' liens; on mortgages executed and acknowledged by husband and wife; and on debts secured by mortgages executed and recorded before the declaration of homestead was filed for record.

A homestead can only be sold under execution or forced sale in these excepted cases, and as a sale under a lien for materials furnished does not come within any of the exceptions enumerated, it cannot be enforced against the homestead.

With the justice or injustice of the rule as fixed by the statute we have nothing to do. Its provisions must be enforced as to cases which arose while it was in existence. The recent change of the law will prevent this apparent injustice to which the former statute gave rise.

The judgment and order appealed from are reversed and the cause remanded.

PATERSON, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment, on the ground that the lien of a material-man cannot be enforced against a homestead. As to the other matters discussed in the opinion of the chief justice, I express no opinion.

TEMPLE, J., concurred.

THORNTON, J., dissented.