Gorman, J.
This cause by agreement of counsel is submitted to the court without the intervention of a jury and involves the questions of the validity and amount of certain mechanics’ liens on the funds of Charles J. Close, the contractor for the construction of the western pumping station under a contract with the commissioners of water works of the city of Cincinnati, in 1906 and 1907. All the liens have been proved or admitted as to amount, and that the notice required by the statute to give the sub-contractors and material-men a lien .on any fund belonging to Close under the contract were duly and properly given, as provided by law.
' The only question to be determined is whether or not the last payment made to Close by the commissioners of the water works on February 5th, 1907, of $9,046.31 ivas made contrary to the provisions of the-lien law of Ohio (Section 3203), and in fraud of the rights .of the sub-contractors and material-men. It is admitted that this payment was made before the work of Close was fully completed, and before the same was due under the terms of the principal contract. (Close’s contract with the commissioners of water works.)
It is not claimed that this payment was made to enable Close to complete the work, and therefore a payment which might be held to have been made in good faith.
According to the testimony of Mr. Benzenberg, the engineer of the commissioners of water works, and a letter to him from Mr. Close a short time prior to this payment, it was made solely for the accommodation of Mr. Close.
Close’s contract provided that “When the entire work is completed and after it shall have been accepted by said trustees' (of water works), a final payment shall be made upon a certificate of the chief engineer, ’ ’ etc. It further provided that 15 per cent, of the contract price should be retained until the final completion of the work.
*219 In violation of these express provisions of the contract, and in advance of the time when it was due under the contract, the commissioners of water works paid Close this last payment of more than $9,000, retaining but $2,000 to compléte the work, and nothing to pay sub-contractors and material-men who might desire to file liens before the last payment was due under the contract.
I am of the opinion that the commissioners of the water works could not legally do this as against the rights of the sub-contractors and material-men who subsequently perfected their liens within the time required by law. I believe this conclusion is fully supported by the decision of the Supreme Court in the case of Bullock v. Horn, 44 O. S., 420.
Note the language of Judge Spear found on pp. 424 to 429, and I would especially call attention to the following language on page 428, where he is discussing the construction to be given to Section 3203, Revised Statutes, as it then stood upon the statute books:
"It would seem not unreasonable to claim from the language of this section (3203) (then 3204) that, as to advance payments, the owner may not make them simply to accommodate the contractor, or even to accommodate himself, but that the advance payments allowed and described as not fraudulent or collusive, being one made in good faith, in order to complete the contract, a payment made in advance, for any other purpose, would not avail the owner as against the workman or material-man, but as to them would be held to be fraudulent and collusive.”
While the court was not called upon and did not construe Section 3203 (then .3204), the above language indicates clearly what the court thought of advance payments. There are other expressions of the court throughout the report equally as strong in support of the claim that the owner can not, except in good faith and to complete the work, make payments in advance of the time they are due under the contract so as to affect the rights of sub-contractors and material-men. Since the decision of Bullock v. Horn, the Legislature has amended Section 3203 (then 3204) by eliminating the provision permitting payments to be made in advance in good faith to complete the work, and it would *220 seem therefore, that even such payments would not now be countenanced by the .courts under Section 3203 as it now stands. See also Walsh v. McMenomy, 74 Cal., 356; Merritt & Allen v. Haskins, 96 Iowa., 652; Green Bay Lumber Co. v. Adams, 107 Iowa, 672; Insurance Co. v. Shedd, 16 App. Cas. (D. of C.), 150.
But the court is cited by counsel for the commissioners of the water works to the unreported case of Hayes v. Locke, 33 Bull., 228, as overruling Bulloch v. Morn.
It is very unsafe and unsatisfactory for the court to follow an unreported case, unless it be made clear upon what grounds it was decided. Furthermore, from extracts taken from the record by counsel and submitted to me it would seem that the case turned upon the question of Whether or not the advance payments in that case were made in good faith and to complete the work. The court below apparently found that they had been made for that purpose.
I am of the opinion that the last payment of $9,046.31 made to Clos.e, the heard contractor, is to be treated as still in the hands of the commissioners of the water works, available for the liens, where it would and should have been when the liens were filed, if the contract had been complied with as these sub-contractors and material-men had a right to expect it would be. The amount which the commissioners were obliged to pay out to complete the work (about $960) was properly paid out.
The liens of the sub-contractors and material-men will attach to the balance in the hands of the commissioners of the water works, or now in the hands of the clerk of this court, and on the further sum of $9,046.31 constructively in the hands of the city of Cincinnati, or the commissioners of water works. If there be not sufficient to pay all the sub-contractors and material-men in full, they will pro rate among themselves as the statute provides.
Let a decree be drawn in accordance with this finding.