[Civ. No. 5610. Second Appellate District, Division Two.—October 29, 1929.]

ANNA KIRCHER, Respondent, v. V. O. HUNTER, Appellant.

Hilton & Critchley for Appellant.

Haas & Dunnigan and C. H. Veale for Respondent.

CRAIG, J.—The respondent contracted in writing with one James H. Aye, as general contractor, to construct a dwelling-house. The latter obtained appellant's services to construct certain tile work in two bathrooms, which later proved defective, whereupon respondent demanded that appellant perform necessary reconstruction work, which he declined to do. It was done by another, whom respondent paid, and thereafter instituted this action against the appellant for the cost of such extra work. Judgment was rendered in favor of the plaintiff, a motion for a new trial was prosecuted, which was denied, and this is an appeal from the judgment and from the ruling upon said motion. Since no appeal lies from an order denying a new trial, the proceeding last mentioned must be dismissed.

The parties agree upon the facts, and mutually submit for determination the question of law whether respondent, the owner, should recover from appellant or the general contractor. The contract first mentioned provided, in part, as follows:

"(1) The said builder agrees to build for the said owner, . . . a two-story frame and stucco dwelling, also a frame and stucco garage, all in accordance with plans and specifications . . . The owner agrees to pay the said builder the sum of $14,875. no/100 to include the full cost of construction, labor and materials. The payment of said sum is to be as follows: Once each week there shall be an accounting between the said builder and the said owner, at which time

receipted vouchers for labor and petty items will be tendered to the owner by the builder in return for the owner's check to cover such total amounts. All bills for material shall be paid to the dealers direct by the owner. Any and all sums remaining within the total amount of the cost price, namely $14,875. no/100 plus all sums for extras, if any, at the completion of the building shall be paid to said builder, provided that a period of thirty-five (35) days shall elapse and it is found that no liens have been filed.''

The plans and specifications required that:

''The floors in the bathrooms are to be one inch hexagonal Eastern tile, with clover leaf in blue border, well laid in cement, making an absolutely water-tight job.

''The side wall of the bathrooms and shower on the second floor to be tiled with 3"x6" glazed Eastern tile to a height of 5' 6" with blue border and panel border.

''The above tile work to have 6" base on bottom and 1" cap mould at the top; both to be of design selected by the owner.''

It appears that the general contractor negotiated with and employed appellant to perform the work of which complaint was made, and that he also made out a bill therefor, upon a bill-head of the appellant, directly to the owner, received respondent's check payable to appellant, and delivered the same. Appellant testified that he had no conversation with respondent or his wife regarding the employment, and did not consult the plans and specifications, but acted entirely under the directions of the general contractor. Aye also testified that he personally selected Hunter for the work, that he instructed him as to what was wanted, and did not submit to him the specifications agreed upon by the owner. Respondent testified that Mrs. Hunter paid all bills, and she testified the general contractor gave her the bill; that she ''checked up the bill with Mr. Aye, and then he gave me the bill, and I checked it up with him, and I give him the check, and he in turn gave it to Mr. Hunter''; that Aye acted as her agent ''in this building.'' Respondent stresses the fact that the owners made suggestions to the subcontractor, but it is observed that this was expressly agreed upon between them and the contractor. The original specifications also provided that all materials and workmanship should be of the best, and that ''the contractor will be held

to provide all labor and material necessary for the entire completion of the work.''

It has been held that there is no privity of contract between an owner and a subcontractor. (*Bowen* v. *Aubrey,* 22 Cal. 566; *Walsh* v. *McMenomy,* 74 Cal. 356 [16 Pac. 17].) Respondent attempts to rely upon the general rule that privity of contract may be implied between a promisor and one to whom the consideration flows, and that a beneficiary who furnishes consideration may enforce a contract which has been obtained for him by a third person. However, the authorities cited in his briefs differ as to facts but not in principle with those above mentioned. For instance, *Rossman* v. *Townsend,* 17 Wis. 95 [84 Am. Dec. 733], was an action for the price of flour, and it was there expressly held that since there was no privity of contract between the plaintiff and the defendant, the former must look to the agent with whom he dealt. So, in the instant case, the whole amount of the contract price was made payable to Aye, who employed the appellant herein, and by the terms of the specifications the contractor was expressly responsible for ''all labor and material necessary for the entire completion of the work.'' The courts cannot contract for parties, nor is there room for construction of this contract and specifications otherwise than as the parties plainly expressed their intentions.

The appeal from the order denying a new trial is dismissed and the judgment is reversed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 27, 1929, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1929.

All the Justices present concurred.