Hillsborough, } No. 4016.
June 5, 1951. }

YVETTE F. FRANCOEUR & a.
*v.*
JOSEPH E. STEPHEN

JOSEPH E. STEPHEN
*v.*
ROBERT FRANCOEUR & a.

*Paul E. Nourie* (by brief and orally), for Yvette F. Francoeur & a.

*Devine & Millimet* (*Mr. Millimet* orally), for Joseph E. Stephen.

BLANDIN, J. The parties agree the issue before us is one of damages. They also agree that the rule to be applied in determining them is that of *Danforth* v. *Freeman,* 69 N. H. 466, which is that the plaintiff, Francoeur, is entitled to recover for the net benefit which she conferred on the defendant, Stephen. This means that from the reasonable cost of an adequate heating plant the defendant may deduct all damages he has suffered as a result of the plaintiff's failure to fulfill the contract. *Danforth* v. *Freeman, supra;* Restatement, Contracts, *s.* 357, *comment g, subs.* (1), *illustration* 3; 17 C. J. S., Contracts 832, 833. These damages include the cost of completing the work, correcting defective workmanship or materials, and in short all losses which the plaintiff "had reason to foresee as a probable result of his breach when the contract was made." *Johnson* v. *Waisman Bros.,* 93 N. H. 133, 135, and authorities cited.

During trial the defendant offered testimony to show lost rentals and expenses he had incurred in an effort to temporarily heat and furnish hot water to the building which contained rented apartments and a store. It appears on the facts here that the plaintiff had reason to foresee such damages as a probable result of his breach when the contract was made, and the evidence should have

been admitted. However, certain competent portions of it were excluded and for this reason there must be a new trial, the issues to be limited as the Trial Court may direct. *White* v. *Schrafft*, 94 N. H. 467.

*New trial.*

All concurred.