Cheshire,
No. 4985.

EDWARD G. SMITH & a. v. RUTH B. POPE.

Argued November 8, 1961.

Decided December 29, 1961.

*Arthur Olson, Jr.* (by brief and orally), for the plaintiffs.

*Howard B. Lane* (by brief and orally), for the defendant.

DUNCAN, J. The defendant maintains that the plaintiffs are not entitled to recover because there is no finding that the defendant made any intentional misrepresentations, because she was under no duty to disclose that kerosene had leaked into the well some years previously, and because it was found that the plaintiffs themselves were contributorily negligent.

While there was no finding of intentional misrepresentation in so many words, there were findings that the defendant believed that kerosene "had come into the artesian well," that she "did not disclose . . . that the cause of [the] mineral taste was thought to be from kerosene," and that this "was for the purpose of facilitating and bringing about the ultimate sale . . . . " The plain implication is that the defendant's failure to disclose the facts was an intentional concealment, for a fraudulent purpose.

In asserting that she was under no duty to disclose the past presence of kerosene, the defendant relies upon *Benoit* v. *Perkins*, 79 N. H. 11, 15, where it was said: "The duty to speak must arise from the circumstances, or there must be some relation of trust and confidence between the parties upon which to build the duty to disclose, before the failure to disclose can be deemed a fraud, whatever motive led to the concealment." Also cited by the defendant is *Charlton* v. *Brunelle*, 81 N. H. 13, 15, where it appeared

however that the"element of the dishonest mental state upon [the defendant's] part [was] wholly lacking."

Had the defendant made no representations concerning the water her position would be well taken. 1 Harper & James: The Law of Torts, s. 7.14. But in this case, the defendant undertook to describe the quality of the water, and did so in an accurate, but findably incomplete manner. The Trial Court found that her failure to state the probable cause of the contamination was "somewhat less than candid," or in effect a half-truth, tantamount to falsehood. Restatement, Torts, s. 529; 1 Harper & James, *supra*, s. 7.14 at 587. See *Swinton* v. *Whitinsville Savings Bank*, 311 Mass. 677, 678. Since she undertook to speak, the circumstances imposed upon her a duty not to mislead. *Benoit* v. *Perkins, supra.*

The case resolves itself into a question of whether the plaintiffs were justified in accepting the defendant's statements at face value, and if so, whether they could be found to have relied upon them and been misled thereby. *Lampesis* v. *Comolli*, 101 N. H. 279, 284; *Gilbert* v. *Dodge*, 130 Me. 417, 419; 1 Harper & James, *supra*, s. 7.13.

Despite the possibility that the plaintiffs were not misled into believing that the water was free from kerosene but preferred to run the risk of poor water for the sake of acquiring the property in exchange for their own, the record did not compel a finding that this was so. The finding by the Trial Court that the defendant was "successful in [her] purpose" (to bring about the sale) and that the plaintiffs "chose to accept the defendant's statement" was a finding that they relied upon her statement and were misled.

The plaintiffs correctly assert that contributory negligence is no defense to an action for intentional wrong. *Wright* v. *Noyes*, 80 N. H. 172. The older cases upon which the defendant relies state an earlier rule, since disavowed by later cases. See Seavey, Fraud and Misrepresentation in New Hampshire, 1 N. H. B. J. No. 1, *pp.* 23-24; Prosser on Torts (2d *ed.*) s. 89 at 552-553. In a case of intentional wrong, the standard applied to the plaintiff's conduct is not that of ordinary care, but an individual standard, based upon his own capacity and knowledge. Prosser on Torts, *supra*, s. 89 at 552.

In Restatement, Torts, s. 541, one rule with respect to reliance is stated thus: "The recipient in a business transaction of a fraudulent misrepresentation is not justified in relying upon its truth if its falsity is obvious." The comment is then made that

while the recipient is not barred because he could have discovered the falsity by investigation, "he is nonetheless required to use his senses and cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory inspection of the article." *Id., comment* a. See also, 1 Harper & James, *supra,* s. 7.12; Annot. 174 A. L. R. 1010, 1027-1030.

The other side of the coin is portrayed in Restatement, Torts, s. 540, where it is said that the recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth although investigation might have disclosed its falsity; and the comment is made that the rule applies not only when investigation would be difficult, "but also where it could be made without any considerable trouble or expense." *Id., comment* a.

Although the Trial Court's findings indicate that an investigation in this case would have involved no particular trouble, the conclusion that the plaintiffs' reliance was justified is implicit in the verdict. If a different view might have been taken upon the evidence, we cannot say that the trier of the facts who heard and saw the parties was compelled as a matter of law to adopt it.

Any defects in the water disclosed by the defendant's disarming statements were such as the plaintiffs might reasonably expect to be able to remedy without abandonment of the water supply. While the vendors of property should not be expected to volunteer information as to every adverse feature however patent, the "law of the present day does not assume in all cases that [they] are endeavoring to defraud the vendees by false and fraudulent representations, and consequently require vendees to distrust such representations and seek the information elsewhere, or suffer the consequences." *Sipola* v. *Winship,* 74 N. H. 240, 248.

We conclude that the issue presented by this case was one of fact for the Trial Court, and that there were no errors of law.

*Judgment on the verdict.*

All concurred.