Rockingham,
No. 6253.

## Bozidar Vitic

*v.*

## New England Mortgage Investment Corporation

November 2, 1971

*Nicholas G. Krochmal*, by brief, for the plaintiff.

*Clancy & O'Neill*, by brief, for the defendant.

Per curiam. The plaintiff seeks to recover for breach of an alleged contract by the defendant to supply water to a house purchased from the defendant in 1963. The defendant was engaged in marketing lots and buildings in a development in Auburn known as Sun Valley Estates. On July 20, 1963, it entered into a sales agreement with the plaintiff by which he agreed to purchase lot 93 for $5495. The agreement was upon a printed form and at the foot bore a handwritten endorsement: "Cottage lot No. 93 ( same as cottage on lot No. 96 ) shell only. " On July 27, 1963, a new agreement was entered into by the parties upon the same printed form, providing for the sale and purchase of the same lot for $6200, with the following notation at the foot:

> "Cottage on lot No. 93
> Electric feed with main panel
> Water to house
> Septic Tank and dry well
>                 Included
> House to be painted by purchaser "

Thereafter the plaintiff made improvements upon the "shell" cottage, and water was supplied through a summer line from April to October of each year until 1967, when the water supply was cut off. There was evidence that the water supplied was pumped from a well upon a nearby lot, which was later sold by the defendant to the owner of another lot.

The plaintiff testified that he made no agreement to pay for the water supplied, and never received a bill. The defendant's agent testified that the plaintiff was billed at his Massachusetts residence for the water at the rate of $40 a year for the years 1964 through 1966. In 1966 the supply was discontinued for nonpayment.

Following trial by the court without a jury, a verdict was returned for the plaintiff in the sum of $1050, by Perkins, J. All questions of law raised by the defendant's exceptions to the denial of its motions for nonsuit and directed verdict were reserved and transferred by the presiding justice.

The evidence of the written agreement of the parties, coupled with the undisputed evidence that water was supplied to the plaintiff's premises for a period of years following his purchase warranted a finding that the understanding of the parties was that water would be furnished to the plaintiff's premises, rather than that the defendant was to furnish only the pipes necessary to supply water. The plaintiff's evidence warranted a further finding that water was to be furnished without charge, and without definite limitation of time, during the summer months of each year, as it was in fact furnished for the summer of 1963. See Bogosian v. Fine, 99 N.H. 340, 111 A.2d 190 ( 1955 ). The issue of fact presented was for the trial court to decide, and since the finding made was supported by the evidence, the finding for the plaintiff is sustained.

The verdict was within reasonable limits as an assessment of the fair value of the water supply over a reasonable period of years, plus an allowance for the inconvenience of transporting water when the supply was discontinued. Sargent v. Janvrin, 109 N.H. 66, 242 A.2d 73 ( 1968 ). See also Salvucci & Sons, Inc. v. State, 110 N.H. 136, 154, 268 A.2d 899, 911 ( 1970 ).

*Exceptions overruled; judgment on the verdict.*

All concurred.