Belknap
No. 6583

DOW ASSOCIATES, INC.

v.

GULF OIL CORPORATION

June 28, 1974

*Westcott, Millham & Dyer (Mr. Peter V. Millham* orally) for the plaintiff.

*Normandin, Cheney & O'Neil* and *David O. Huot (Mr. Huot* orally) for the defendant.

LAMPRON, J. Petition under RSA 540:12-15 for a writ of possession of premises located in Meredith owned by the plaintiff and under lease to the defendant as a gasoline filling station. A judgment for the plaintiff rendered by the District Court of Laconia was appealed to the superior court. RSA 540:20 (Supp. 1973). At a hearing before *Cann,* J., defendant moved for a nonsuit at the close of plaintiff's evidence. The court took the motion under advisement and defendant rested. The court denied plaintiff's requests for a finding and ruling that the defendant was obligated to pay the sewer

rental charge made by the town for the premises and rendered a verdict for the defendant. Plaintiff's exceptions to the denial of these and other requests were reserved and transferred. The main issue on this appeal is which party is obligated to pay this sewer rental charge.

On March 21, 1956, plaintiff's predecessor in title and the defendant entered into a 15 year lease of these premises with options for two additional 5 year terms. Plaintiff acquired the property in 1966 at a foreclosure sale.

As assessed by the town the sewer rental in question consists of a minimal fixed charge plus an excess charge based upon and measured by the amount of water used on the premises. RSA 252:10 (Supp. 1973). These charges are committed for collection to the collector of taxes and create a lien on the real estate. RSA 252:12-13. From the beginning of the lease the lessee has paid the cost of utilities, including water. Beginning at least in 1962, plaintiff's predecessor in title and the plaintiff were charged for the sewer rental which the plaintiff paid.

Plaintiff's president testified that the payments for sewer rental were made in the regular course of business until the matter was brought to his attention by the bookkeeper in 1970. Plaintiff then presented defendant a bill in the amount of $365.30 for sewer assessments since 1962. Included in this amount was $268.44 for excess charges measured by the amount of water used in the operation of the gasoline station by the defendant.

Defendant refused to make payment invoking paragraph 7 of the lease which reads in pertinent part: "The Lessor agrees to pay all taxes upon the land, buildings and improvements . . . The Lessee shall pay the taxes on its property and its equipment on the leased premises . . . [S]hould the real estate taxes assessed against the demised premises amount to more than $500.00 per annum, while said Lease is in effect, the Lessee will, within 30 days after receipt of duly receipted tax bills from Lessor, reimburse Lessor in an amount equal to taxes so paid by Lessor in excess of $500.00 per annum."

Plaintiff thereupon served a notice to quit followed by the

petition for a writ of possession based on defendant's violation of paragraph 1 e of the lease. This clause authorizes the lessor to terminate the lease for failure to pay rent due "or to comply with any other terms of this lease" after a written notice of thirty days, during which the lessee by complying with the lease can avoid termination.

The trial court properly found that the lease between the parties, while detailed in many respects, did not state "which party was responsible for payment of water, sewer, and electricity bills." Whether by accident or design the parties failed to insert such a provision in their agreement. The lease is not ambiguous in this respect; it is simply silent with regard to these obligations. Hence the rule that when words in a lease are ambiguous, the acts of the parties under it are given great weight in arriving at the meaning of an ambiguous provision does not apply in this instance. *Marcelle, Inc. v. Sol & S. Marcus Co.,* 274 Mass. 469, 475, 175 N.E. 83, 85 (1931); 49 Am. Jur. 2d *Landlord and Tenant* § 142 (1970); cf. *Vitic v. New England Mortgage Investment Corp.,* 111 N.H. 348, 283 A.2d 490 (1971). The court cannot supply the deficiency by writing into the lease a provision for the payment of sewer rental, when the parties did not. Consequently the trial court properly ruled that defendant's refusal to pay the sewer rental was not a violation of a term of the lease and that there should be a verdict for the defendant on plaintiff's petition for a writ of possession based on such a breach.

Plaintiff contends, however, that the sewer rental is nevertheless an obligation of the defendant. Unless there is a provision in the lease to the contrary, the tenant is generally liable to pay charges for water, gas, electricity and like commodities. 49 Am. Jur. 2d *Landlord and Tenant* § 211 (1970). The main basis for this rule is that the amount of use of those utilities and the resulting charges are within the control of the user which is the situation with the sewer rental in most part. This is not a charge for the installation of the sewer but for its use which is made by the occupant. *See Morehead Hotel & Apartment Co. v. Lampkin,* 267 Ky. 147, 154, 101 S.W.2d 670, 673 (1937). We hold that the defendant

384

is liable to the plaintiff for the charges of $365.30 which were the basis of this action and for all such charges thereafter made while the lease continues in effect. *Coe v. Zwetchkenbaum,* 89 R.I. 358, 366, 153 A.2d 517, 521 (1959).

*Plaintiff's exceptions sustained in part.*

All concurred.