Rockingham
No. 7018

### David P. Bonin v. Richard L. Howard

February 28, 1975

*Schiavoni, Cirome & Mooradian,* of Massachusetts *(Mr. Alfred J. Cirome)* by brief, for the plaintiff.

*James F. Fleming,* of Massachusetts, for the defendant, filed no brief.

Per curiam. Plaintiff brought this suit in Rockingham Superior Court to recover $3,395 in damages for fraud, deceit and misrepresentation in the sale of a new house in Newton, New Hampshire. Trial by jury was terminated by the court's granting of defendant's motion for nonsuit at the end of plaintiff's case on the ground that plaintiff failed to prove that any fraudulent representations were made. Plaintiff's exception to the granting of the motion was reserved and transferred by *Cann,* J.

The question presented is whether in the sale of a new house plaintiff can recover from the seller amounts spent after the sale for drilling a new well and for waterproofing the cellar absent a showing that the seller fraudulently and deceitfully misrepresented "that the well would be in good and proper condition and that the cellar would be waterproofed and free from water . . . ." as stated in count two of plaintiff's pleading.

The record reveals that plaintiff had never purchased a house before buying the one in Newton built by the defendant. Prior to purchasing the house on November 30, 1970, plaintiff inspected it with defendant on at least three occasions. Plaintiff testified that in buying the house he relied on defendant's statements that the foundation was waterproof and that quantity and qual-

ity of water from the dug well were adequate. Visual inspection did not contradict defendant's statements. After moving into the house plaintiff found that the water could not be used either for drinking or for washing with the result that he was compelled to transport water for those purposes in five-gallon containers. In the spring of 1971, water leaked into the cellar through cracks in the foundation. Although defendant allegedly promised to repair the leaks, he never did so. According to his pleadings, plaintiff expended $3,395 to waterproof the cellar and to drill an artesian well.

In arguing that the trial court erred by granting defendant's motion for nonsuit, plaintiff contends that in this State a claim for damages may be premised on statements negligently made by an expert to one with unequal knowledge if the statements are made for the purpose of inducing one to enter a transaction in which the expert has a financial interest. *Eno Brick Co. v. Barber-Greene Co.,* 109 N.H. 156, 158, 245 A.2d 545, 547 (1968); *Maxwell Ice Co. v. Company,* 80 N.H. 236, 238-39, 116 A. 34, 35-36 (1921). While the *Eno Brick* and *Maxwell Ice* cases stand for the contention espoused by plaintiff, they do not compel a finding that the trial court erred in granting defendant's motion for nonsuit. In both of those cases there was adequate evidence that the statements were negligently made for the purpose of inducing the buyer to enter a transaction. *Id.*

Plaintiff's own testimony constituted the only evidence that he presented. Although plaintiff testified that defendant made certain statements to him regarding the well and the cellar, there was no proof that the defendant made the statements negligently or that they induced plaintiff to purchase the house. Plaintiff failed to offer evidence that defendant's statements as to the condition of the cellar and of the water supply were anything but good faith characterizations based upon defendant's knowledge at the time of sale. Nor was there any implication of intentional concealment of known defects. *See Smith v. Pope,* 103 N.H. 555, 558, 176 A.2d 321, 324 (1961).

The specific language in the sales agreement signed by both plaintiff and his wife provided that "[a]ll representations, statements, and agreements heretofore made between the parties hereto are merged into this agreement, which alone shall fully and completely express their respective obligations, and this agreement is entered into by each party after opportunity for investigation, neither party relying on any statements or repre-

sentations not embodied in this agreement, made by the other or on his behalf". No mention was made in the sales agreement of the water or of the foundation.

Viewing the evidence in a light most favorable to the plaintiff, as a court is required to do on a motion for nonsuit, the trial court's granting of the motion was warranted under the circumstances. *Harris v. Hampton*, 107 N.H. 186, 188, 219 A.2d 452, 453 (1966); F. James, Civil Procedure § 7.13, at 285 (1965); *Ingalls v. Railroad*, 83 N.H. 397, 142 A. 695, 695-96 (1928).

*Plaintiff's exception overruled.*