Rockingham
No. 7148

CHARLES J. NORTON & a.

v.

LUCIEN C. BURLEAUD

July 31, 1975

*Taylor, Gray & Sullivan* and *William J. Hurley, Jr., (Mr. Hurley* orally) for the plaintiff.

*Casassa, Mulherrin & Ryan (Mr. Joseph P. Mulherrin* by brief and orally) for the defendant.

GRIMES, J. The main issue in this case, involving an agreement to build and sell a house, is whether there was a warranty to build the house in a workmanlike manner and whether the evidence supports a finding of a breach of that warranty.

Lucien Burleaud (seller) brought suit against Charles J. and Mary J. Norton (buyers) to recover the balance due on an agreement to build and sell a house. The buyers brought suit against the seller for damages based on breach of warranty. There was a trial of both cases together before a Master *(Leonard C. Hardwick,* Esq.) resulting in a verdict for the seller in the amount of $600 and for the buyers in the amount of $5,600. The master's report was approved and the seller's exceptions were transferred by *Morris, J.*

Essentially the facts as found by the master are these. On September 7, 1971, the seller, a builder, agreed to "complete construction of a dwelling and upon completion sell and convey the dwelling and lot" to the buyers for a price of $32,000. Although the agreement was never reduced to writing there was ample evidence in the record to support this basic finding. On December 30, 1971, the seller conveyed the newly built house and property to the buyers.

Upon moving into the house, the buyers experienced trouble with water seepage into their cellar, surface water flowing in from the outside during storms and a defective septic tank waste disposal system which caused sewage to back up into their home. All these defects were found to be caused by defective construction and the record is replete with expert testimony detailing the basis for each particular problem. Due to these problems the buyers were forced to vacate the premises in March of 1974 and moved into an apartment while they had the problems corrected.

While the master did not find that there was an express warranty as to workmanship he did find that there was an implied warranty upon which the buyers could recover. The implied warranty was that the house including the drainage and septic tank systems would be constructed in a workmanlike manner and in accordance with accepted standards. *Henggeler v. Jindra,* 191 Neb. 317, 214 N.W.2d 925 (1974); Annot., 25 A.L.R.3d 383, § 6 (1969, Supp. 1974); 13 Am. Jur. 2d *Building and Construction Contracts* § 27 (1964, Supp. 1974); *see Wentworth Hotel v. Gray, Inc.,* 110 N.H. 458, 460-61, 272 A.2d 583, 584-85 (1970).

There was substantial evidence to support the finding that the difficulties encountered by the buyers were due to defective construction and that the amount of the verdict represented the damages to which they were entitled.

The seller's reliance on *Bonin v. Howard,* 115 N.H. 86, 333 A.2d 450 (1975) is misplaced. That case involved a claim based on fraudulent representations in the sale of a house, whereas this

case is based on implied warranty. In addition, the result reached in *Bonin* was due to the lack of adequate proof to support the claims of express fraudulent representations.

*Judgment on the verdicts.*

All concurred.