Hillsborough
No. 7362

### Dorothy C. Ruane
### Individually and as Administratrix
### of the Estate of John J. Ruane

v.

### Cardinal Realty, Inc. & a.

May 29, 1976

*McLane, Graf, Greene, Raulerson & Middleton, James R. Muirhead,* and *James C. Hood (Mr. Hood* orally) for the plaintiffs.

*Joseph L. Clough,* by brief and orally, for the defendant.

Grimes, J. The issue in this case is whether the evidence supports the verdict for the plaintiffs in this action for damages for breach of a contract for the construction and sale of a house.

After the actions were begun, John J. Ruane died and his wife, Dorothy C., as administratrix, was substituted as party plaintiff. After a trial without a jury, the court returned a verdict for the plaintiffs in the amount of $2,555.75 and defendant's exceptions were transferred by *Perkins,* J.

On March 29, 1972, John J. Ruane with his wife Dorothy exe-

cuted a purchase and sale agreement to buy a then partly completed house in Hudson which was being built by the seller. Cardinal Realty, Inc. was stated to be the broker and Cardinal-DeMinico Inc. was named as the seller. In the specifications attached to the contract, opposite "Water," appeared the word "well." On inquiry the plaintiffs were told that a dug well was contemplated and that there would be an ample supply of water. The court found that the agreement between the parties was for a dug well.

The evidence disclosed that defendant experienced difficulty with water during the construction of the cellar and took extraordinary precautions to assure a dry cellar. The sale was consummated at a closing on June 29, 1972, before the house was ready for occupancy, but the Ruanes moved in over the weekend of July 4, 1972. There was evidence that water seeped into the basement and that some of it came from around a bulkhead which admittedly had been left in an improper condition. No real dispute exists as to plaintiffs' right to damages for these items, only the amounts are disputed.

The real question is over the award for damages with regard to the well. Defendant did install a dug well but after the Ruanes moved in, the water turned dark and finally the well dried up. Unable to induce the original well-digger to return, defendant hired a second who dug another but deeper well in a new location. The Ruanes found this well was also unsatisfactory and they had to carry water to the house and to hire a motel room to take baths. On their own, the Ruanes had an artesian well installed at a cost of $1,966.42. A list of special damages shows this amount plus other items including cost of fixing the bulkhead and water seepage, all in the amount of $2,378.69.

An officer of the defendant testified that he assured the Ruanes that they would have an ample supply of usable water and that it was his intention to supply them with water. The officer also testified that he "certainly wouldn't buy a house without water." There was evidence that the Ruanes knew nothing about wells and relied on the builder.

Where, as here, a partially completed house is sold as a complete house, the common expectation is that it will be supplied with water in reasonable quality so as to make the house habitable. *Elderkin v. Gaster*, 447 Pa. 118, 288 A.2d 771 (1972); *see Norton v. Burleaud*, 115 N.H. 435, 342 A.2d 629 (1975). The fact that the Ruanes acquiesced in having a dug well did not relieve the defen-

dant from furnishing a well which would make the house habitable. When it became known that a dug well could not be installed because of the nature of the soil and the water table, the Ruanes were entitled to remedy the situation by installing an artesian well as the only reasonable alternative.

The court denied a request to find that the cost of installation of an artesian well was not within the reasonable contemplation of the parties as an item of damage and properly allowed the cost of the artesian well. *Sargent v. Janvrin,* 109 N.H. 66, 242 A.2d 73 (1968); *Norton v. Burleaud supra. See also Francoeur v. Stephen,* 97 N.H. 80, 81 A.2d 308 (1951). The verdict is supported by the evidence.

The motion to dismiss the action against Cardinal Realty, Inc. should have been granted. The contract was with Cardinal-DeMinico Inc., and it was clearly set forth that Cardinal Realty, Inc. was the broker. Recovery was on the contract and not on any representation by an agent, and there was no evidence which would furnish a basis of liability on the part of Cardinal Realty Inc.

*Exceptions overruled in part and sustained in part.*

All concurred.