Hillsborough
No. 79-455

JOYCE GELINAS DAWE

v.

AMERICAN UNIVERSAL INSURANCE COMPANY

June 18, 1980

448

*Bossie, Kelly & Hodes*, of Manchester (*Jay L. Hodes* orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Richard B. McNamara* orally), for the defendant.

PER CURIAM. The issue in this case is whether the evidence supported the trial court's finding of misrepresentation on the part of the defendant insurance company's claims adjuster. We affirm.

The plaintiff brought this bill in equity seeking to rescind a release executed by her in favor of the defendant American Universal Insurance Company for injuries sustained in an automobile accident which occurred in Londonderry, New Hampshire, on October 15, 1977. At the time of the accident, she was a passenger in her own car which was being operated by her then-fiancé, Mr. Dawe. The operator of the other vehicle was without insurance or assets. At the time of the collision, the plaintiff owned an automobile liability insurance policy issued by the defendant, American Universal Insurance Company, which included uninsured motorist coverage.

At a trial which commenced on April 5, 1979, the following facts emerged. The plaintiff notified the defendant's agent regarding the accident on the day that it occurred. Thereafter, the defendant referred the case to one Norbert Sell, an independent insurance adjuster, who subsequently contacted and had several meetings with the plaintiff. Mr. Sell first obtained a settlement with the plaintiff regarding the damage to her automobile which is not now disputed. Following the property damage settlement, however, Sell met with the plaintiff and offered her a check for $1,485.40 in settlement of her claim for bodily injury. This amount equalled $1,000 more than her medical expenses and lost wages at that time. At this point, the evidence below is contradictory. However,

the plaintiff testified that she believed that she was only entitled to recover for property damage, lost wages and medical expenses, and that she was unaware that she might be entitled to compensation for damages such as pain and suffering. She testified that when she asked Sell whether the settlement would release the defendant of liability for further medical expenses, he answered no. She further stated that Sell explained the additional $1,000 as a "surprise" and that she believed that the defendant was offering it out of the goodness of its heart.

In an order dated April 27, 1979, the Trial Court (*King*, J.) found, *inter alia*, that there was no evidence that Sell informed the plaintiff of her additional rights under the uninsured motorist provision. Although the release signed by the plaintiff recited that it was in full and final settlement for all injuries arising out of the accident, the court found that Sell had advised the plaintiff to the contrary, assuring her that it released no rights for future medical expenses.

■ ■ The court found that Sell's explanation of the release constituted misrepresentation which, together with his failure to fully disclose to the plaintiff her other rights, resulted in an unconscionable settlement. Accordingly, the court rescinded the release, contingent, however, upon the plaintiff's reimbursing the defendant in the sum of $1,000. The defendant's exceptions were transferred to this court.

The defendant seeks to overturn the determination below on the primary ground that the adjuster's failure to fully disclose the plaintiff's rights under the policy is not sufficient to void the release. It points to an absence of a confidential relationship between the insured and her insurer. However, it was her own insurance company with which she was dealing and not that of an adversary. We conclude that there was sufficient evidence to support the trial court's finding that the plaintiff was misled by the defendant's agent into executing the release.

There was evidence that Sell told the plaintiff that the release did not apply to future medical expenses, and that he informed her that the release was necessary to enable the defendant to proceed against the operator of the other vehicle. There was evidence that Sell characterized the additional $1,000 as a "surprise."

■ ■ We recently held that every agreement executed in this State contains an implied covenant of good faith and fair dealing. *Bursey v. Clement*, 118 N.H. 412, 387 A.2d 346 (1978); *Seaward*

*Constr. Co. v. City of Rochester*, 118 N.H. 129, 383 A.2d 707 (1978). Moreover, partial disclosure may give rise to a duty to fully disclose when the partial disclosure, standing alone, is deceptive. W. PROSSER, HANDBOOK OF THE LAW OF TORTS, p. 696 (4th ed. 1971); *Smith v. Pope*, 103 N.H. 555, 176 A.2d 321 (1962). Finally, there was evidence before the trial court that the plaintiff relied on Sell's statements. Under the circumstances of this case, we hold that rescinding the release was appropriate. *See Graham v. Weber*, 79 N.H. 393, 109 A. 717 (1920); 66 AM. JUR. 2d *Release* §§ 21–22 (1973); D. DOBBS, HANDBOOK OF THE LAW OF REMEDIES § 9.4 (1973).

*Affirmed.*

KING, J., did not sit.