# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0004, <u>Jeffrey Blackman v. Karen Hoglund & a.</u>, the court on May 17, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The plaintiff, Jeffrey Blackman, appeals a decision of the Circuit Court (<u>Swegart</u>, J.), following a hearing on the merits, entering judgment in favor of the defendants, Karen Hoglund and Peter Hoglund, on the plaintiff's small claim seeking damages for breach of a contract for painting services.  In ruling in favor of the defendants, the trial court found that: (1) the plaintiff had not satisfied his implied obligation to perform the contracted-for work in a workmanlike manner, <u>see</u> <u>Norton v. Burleaud</u>, 115 N.H. 435, 436 (1975), thereby discharging the defendants' obligations under the contract, <u>see</u> <u>Fitz v. Coutinho</u>, 136 N.H. 721, 724-25 (1993); and (2) at the time that the defendants terminated the contract, they paid the plaintiff $500.  We construe the plaintiff's brief to challenge these findings, and affirm.

Whether the plaintiff performed in a workmanlike manner or materially breached the contract are factual determinations for the trial court to make.  <u>See</u> <u>Found. for Seacoast Health v. Hosp. Corp. of America</u>, 165 N.H. 168, 181 (2013); <u>Fitz</u>, 136 N.H. at 724-25.  We will uphold the trial court's factual findings and legal rulings unless they lack evidentiary support or constitute clear error of law.  <u>Found. for Seacoast Health</u>, 165 N.H. at 181.  It is the burden of the appealing party, here the plaintiff, to provide a record sufficient to decide the issues raised on appeal, and absent a trial transcript, we assume that the evidence was sufficient to support the trial court's findings.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  In this case, the plaintiff has not provided a transcript of the hearing on the merits.  Accordingly, we assume that the evidence was sufficient to support the trial court's findings that the plaintiff performed the contracted-for work in a deficient manner and that the defendants paid him $500.

We note that the plaintiff has attached to his brief certain correspondence between the parties that postdates the filing of this appeal and, thus, was not considered by the trial court.  Those documents are not properly before this court, and we have not considered them in deciding this appeal.

See Flaherty v. Dixey, 158 N.H. 385, 387 (2009) ("On appeal, we consider only evidence and documents presented to the trial court.").

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**