Hillsborough, ⎱
  Feb. 4, 1908. ⎰

CUNNINGHAM v. C. R. PEASE HOUSE FURNISHING CO.

A tradesman who represents that stove polish sold by him may be safely used upon a hot stove is equally liable to the purchaser or to a member of his family, who is injured by an explosion of the compound.

One who purchases stove polish upon the representation that it may be safely used upon a hot stove, and is injured by an explosion of the compound, may maintain an action of deceit against the vendor if the representation was made with knowledge of its falsity, and an action of negligence if the statement, although honestly believed to be true, was made upon insufficient knowledge and without such an investigation as ordinary care demanded.

CASE, for personal injuries caused by an explosion of stove blacking. The declaration contained a count under sections 26 and 28, chapter 126, Public Statutes, and a count in negligence. A demurrer to the first count was sustained, and the question of the correctness of the ruling was reserved. There was a trial by jury upon the common-law count. At the close of the plaintiff's evidence a nonsuit was ordered upon the defendants' motion, and

the plaintiff excepted. Transferred from the September term, 1906, of the superior court by *Pike*, J.

The plaintiff's evidence tended to prove that the manufacturers of a stove blacking advertised it in Nashua, stating that it was for sale by the defendants. The plaintiff's mother saw the advertisement, called at the defendants' store, and asked a clerk if the blacking they were advertising was intended for stovepipes or for stoves. He replied that it was intended for stoves, and said that "the warmer the stove, the better it works." She replied, "Won't that be fine; I can black my stove without letting my fire go out." Relying upon the representation that the blacking could be safely used on a hot stove, the mother bought a can. Two days later the plaintiff, a member of her mother's family, used some of the blacking on a hot stove and an explosion resulted, causing the injuries complained of. The plaintiff and her mother were blamelessly ignorant of the fact that the blacking contained naphtha.

*Doyle & Lucier*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

YOUNG, J. The defendants' position is like that of one who "puts destructive . . . materials in situations where they are likely to produce mischief." *Ricker* v. *Freeman*, 50 N. H. 420, 432. Such a person must respond in damages to those who are injured because of his acts, if he either knew or ought to have known that the materials were dangerous and that the persons injured might come in contact with them. *Hobbs* v. *Company*, ante, 116; *Scott* v. *Shepherd*, 3 Wils. 403; *S. C.*, 2 W. Bl. 892; Cool. Torts 78.

Although the defendants probably did not have the plaintiff in mind when they sold the blacking to her mother, they knew the mother bought it to use on her stove and that other members of the family were likely to use it; consequently the plaintiff can recover, if her mother could have recovered had she been injured instead of the plaintiff. The defendants will not be prejudiced by the assumption that the plaintiff cannot recover if her mother could not and by the omission to consider whether the situation might not be such that recovery might be had against both the mother and the defendants. *Ricker* v. *Freeman*, 50 N. H. 420, 432. The case therefore is considered as though it were an action by the mother. The declaration does not sound in either assumpsit or deceit. Whether she could maintain an action for a breach of warranty need not be considered; and whether she could recover for deceit will be considered only so far as is necessary to

distinguish between facts constituting an intentional injury and those constituting a negligent one.

The common law imposes upon the seller the duty to refrain from falsely representing material facts for the purpose of misleading the buyer. The seller may praise the good qualities of his wares as much as he pleases, and is not bound to disclose their defects to the buyer, even if he knows of them and is aware that the buyer believes he is purchasing sound goods. But if, for the purpose of inducing the prospective buyer to change his position, the seller sees fit to make any representation, either express or implied, in respect to facts which are material to the subject-matter of the sale, he must tell the truth. *Shackett* v. *Bickford*, *ante*, 57; *Spead* v. *Tomlinson*, 73 N. H. 46, 61; *Stearns* v. *Stearns*, 63 N. H. 99; *Rowell* v. *Chase*, 61 N. H. 135; *Springfield* v. *Drake*, 58 N. H. 19; *Pettigrew* v. *Chellis*, 41 N. H. 95; *Hanson* v. *Edgerly*, 29 N. H. 343; *Mahurin* v. *Harding*, 28 N. H. 128.

The defendants admit their liability for an intentionally false statement of fact, but contend that they are not liable for a false statement honestly believed to be true, though negligently made. Although there are authorities which sustain that position (*Derry* v. *Peek*, 14 App. Cas. 337; *Angus* v. *Clifford*, [1891] 2 Ch. 449, 470), it is not the view which obtains in this jurisdiction. In this state, a person who acts upon a false representation made for the purpose of inducing him to change his position may recover the damages he sustains in an action of deceit when the maker of the statement knew it to be false, and in an action of negligence when he ought to have known it to be so. *Shackett* v. *Bickford*, *supra*; *Hewett* v. *Association*, 73 N. H. 556; *Pittsfield etc. Co.* v. *Shoe Co.*, 71 N. H. 522; *Edwards* v. *Lamb*, 69 N. H. 599; Judge Jeremiah Smith in 14 Harv. Law Rev. 184.

If, therefore, the defendants' false representation that it was safe to use the blacking on a hot stove was the cause of the plaintiff's injury, the facts that they thought the statement was true and had no intent to deceive do not necessarily bar her right to a recovery. Proof of those facts would merely require her to prove facts not essential to her case if the representation was deceitfully made. If the representation was deceitful, she could recover by showing that their fault contributed to cause her injury; but if it was merely negligent, she must show that it was the sole cause of her injury. 14 Harv. Law Rev. 188. The reason for this is, that the law makes it the duty of every one to use ordinary care to avoid being injured by another's negligence; but it imposes on no one the duty to use such care to avoid being injured by another's intentionally wrongful act. In actions for negligence, contributory negligence is a defence; in actions for intentional injuries, it is not.

There is a difference, also, between intentional and negligent wrongs, as to the facts necessary to establish the defendant's fault. If an injury is intentionally inflicted, proof that the defendant did the act establishes his fault; but where negligence is charged, proof of the act must be supplemented by proof that the average man would not have done it. So in this case, if the defendants, for the purpose of inducing the plaintiff to buy the blacking, told her it could be safely used on a hot stove, and they neither knew nor cared whether their statement was true or false, they would be liable. *Shackett* v. *Bickford, ante,* 57; *Spead* v. *Tomlinson,* 73 N. H., 46, 61. But if they had no thought of deceiving her, it would not be enough to show that they made the representation; she must then go further, and show that the ordinary man would not have made it. 14 Harv. Law Rev. 188. The test, therefore, to determine whether the defendants were in fault for making the representation is to inquire whether the ordinary man, having no more knowledge of the situation and its dangers than the defendants are shown to have had, would have told the plaintiff it was safe to use the blacking on a hot stove.

It cannot be said as a matter of law that the ordinary man would have made such a representation, unless it is common knowledge that the average man who engages in trade is accustomed to tell his patrons, not what he believes to be the truth in respect to his goods, but what he thinks will induce them to buy. It can be found from the evidence that the defendants thought the plaintiff was looking for a blacking to be applied to a stove in which there was a fire, and that they represented the blacking sold to the plaintiff as safe to use in that way, for the purpose of inducing her to purchase it, when they either knew that the representation was false, or did not know it to be true. It is not common knowledge that the ordinary man is accustomed to make such representations to induce customers to buy his goods; and it cannot be said as a matter of law that an ordinary man selling a new blacking would affirm that he knew it would do all, and more than all, its makers claimed for it, when in fact he knew nothing of its qualities and had done nothing to inform himself as to the soundness of the makers' claims.

The plaintiff was entitled to go to the jury on the common-law count. The demurrer to the statutory count was properly sustained, for it is not alleged that the defendants sold the blacking as an illuminating oil (P. S., *c.* 126, *s.* 26), or that they sold naphtha under an assumed name. P. S., *c.* 126, *s.* 28.

*Exception sustained.*

PEASLEE, J., did not sit: the others concurred.