Hillsborough, }
June 1, 1909. }

## CUNNINGHAM v. C. R. PEASE HOUSE FURNISHING Co.

The fact that the testimony of the plaintiff's expert witness warrants the inference that injuries complained of were not caused by the defendant's negligence does not justify an order of nonsuit, if such conclusion does not necessarily follow from all the evidence submitted.

CASE, for personal injuries caused by an explosion of stove polish. The case is the same as that reported 74 N. H. 435, and was transferred from the January term, 1909, of the superior court by *Plummer*, J.

Upon the second trial there was a verdict for the plaintiff. The evidence was substantially the same as upon the first trial, with the exception that the plaintiff's expert chemist testified on cross-examination that the polish would not explode unless it came in contact with a surface heated to incandescence—a degree of heat which the evidence tended to show the plaintiff's stove did not have. The defendants' motion for a nonsuit was denied, subject to exception.

*Doyle & Lucier*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

WALKER, J. The ground of the defendant's motion for a nonsuit is that from the testimony of the plaintiff's expert on cross-examination it appears that blacking of the brand used by the plaintiff would not explode when applied to a stove no warmer than her stove was at the time she was injured. From this it might be argued that the explosion was due to some undisclosed cause, and not to the warmth of the stove, and that the plaintiff's injury was not the result of the defendant's negligence. But such a conclusion does not necessarily follow from all the evidence submitted. The facts that the blacking contained naphtha, a highly explosive substance, and that it did explode when the plaintiff used it on her warm stove, would authorize the jury to infer that the temperature of the stove, which had contained a fire a short time before, was the cause of the explosion. It cannot be said that reasonable jurymen could not so find, from the mere fact that a different conclusion might be authorized by the testimony of the plaintiff's expert. The case does not differ essentially from what it was upon the former transfer. *Cunningham v. Company*, 74 N. H. 435.

*Exception overruled.*

All concurred.