Strafford
No. 7378

PARKER E. COLBY & a.

v.

GRANITE STATE REALTY, INC. & a.

November 30, 1976

*Fisher, Parsons, Moran & Temple (Mr. Harold D. Moran* orally) for the plaintiffs.

*Mullaney, Richardson & Cassavechia (Mr. Stanley J. Mullaney* orally) for the defendants.

PER CURIAM.   The plaintiffs purchased a home from the defendants. Subsequent to the transfer of title, a bill in equity for specific performance was brought involving an adjacent lot of land and to recover damages as a result of alleged misrepresentations arising out of the sale of the home. The fraudulent representations were attributed to the defendant Clough and to one Joseph Barney, an agent of the defendants. The claim for specific performance was waived by the plaintiffs. Trial on the issue of damages for misrepresentation resulted in a verdict for the plaintiffs in the amount of $2,268.42. The defendants' exceptions were reserved and transferred by the Trial Court *(Mullavey,* J.)

In the early spring of 1973, Joseph Barney showed the plaintiffs real estate being offered for sale by the defendants. Plaintiffs noted that the septic tank was overflowing. The trial court found that the agent represented that the defective septic tank would be

repaired prior to the sale and that the well was in good condition. As a result of these statements, the plaintiffs proceeded on March 29, 1973, to execute a purchase and sale agreement containing a standard provision merging all prior representations and oral statements. The court further found that at the closing on May 29, 1973, the defendant Clough represented to the plaintiffs that the septic tank had been repaired and that the well was in operating condition; that neither the septic tank nor the well was in fact actually in good condition and operating satisfactorily; that the defendant knew the statements to be false; and that the plaintiffs relied upon the statements. The court ruled that the action was not barred by the so-called "merger provision" contained in the signed agreement.

The defendants' contentions are mainly twofold: (1) that the evidence is not sufficient to support a finding of misrepresentation and (2) that the prior statement provision of the agreement precludes plaintiffs' recovery for fraud with respect to misrepresentations, if any. Primarily, the defendants argue that the plaintiffs failed to offer evidence that the statements made were anything but good faith characterizations insufficient to establish misrepresentation. In support of this contention, they rely on *Bonin v. Howard*, 115 N.H. 86, 333 A.2d 450 (1975).

The trial court heard the testimony and observed the witnesses. Credibility of the witnesses as well as the weight to be given to their testimony is a question of fact for the court and since the findings could reasonably be made on all the evidence they must stand. *F. A. Larson Realty Co. v. Hayes*, 114 N.H. 501, 503-04, 323 A.2d 914, 916 (1974).

They make no direct claim of contributory negligence as in *Smith v. Pope*, 103 N.H. 555, 176 A.2d 321 (1961), but allege a responsibility on the part of a buyer to inspect premises, if it can be done without great difficulty, especially when there exists in the purchaser some expertise in the buying of homes and in the general construction field. The trial court impliedly found no duty on the part of the Colbys mandating, under the existing circumstances, an inspection. A purchaser generally is justified in relying on material statements of fact concerning matters peculiarly within the seller's own knowledge. *Bergeron v. Dupont*, 116 N.H. 373, 359 A.2d 627 (1976).

We find *Bergeron v. Dupont supra* also disposes of defendants' final argument. "[I]t is true that the parties' contract contained

the usual clause that all representations were merged in the agreement . . . . However, whatever the effect of such a clause in a contract action it interposes 'no obstacle to the establishment of claims of extrinsic fraud.'" *Id.* at 375-76, 359 A.2d at 629.

*Exceptions overruled; judgment on the verdict.*