Merrimack
No. 7823

JOHN J. MCCARTHY AND EDITH P. MCCARTHY

v.

FRED H. BARROWS, III

March 31, 1978

*Hall, Morse, Gallagher & Anderson,* of Concord (*Charles T. Gallagher* orally), for the plaintiffs.

*Stanton E. Tefft,* of Manchester (*Daniel J. Harkinson* orally), for the defendant.

BROCK, J. (By special assignment pursuant to RSA 490:3). Action in case to recover liquidated damages under a real estate sales agreement. Trial by the court resulted in a verdict for defendant. Plaintiffs seasonably excepted to the granting of certain of defendant's requests for findings of fact and rulings of law, to denial of their corresponding requests, and to the denial of their motion to set aside the verdict. All questions of law raised by these exceptions were transferred by *Johnson,* J.

By agreement dated November 16, 1972, plaintiffs agreed to sell and defendant agreed to purchase an industrial property located in Bow, New Hampshire. At the time the agreement was executed, defendant made a deposit in the amount of one thousand dollars under a liquidated damage clause, for which no claim for refund has been made.

Another provision of the agreement, in the nature of a condition precedent, was that buyer be able to obtain satisfactory financing for the transaction and that he so notify sellers on or before December 1, 1972. By letter dated November 30, 1972, defendant formally notified plaintiffs that he had been able to obtain the necessary financing and intended to complete the purchase of the property. Appended to this letter and signed by the defendant and plaintiff John J. McCarthy, was the following:

> The parties hereby agree that in the event that the sale fails to be consumated [sic] due to the fault of the purchaser, the amount of $5,000. shall be paid by the purchaser to the seller as liquidated damages.

Thereafter, defendant employed a consulting engineer whose responsibility it was to make the premises suitable for defendant's occupancy. Pursuing his assignment, the engineer discovered that the two septic systems serving the industrial building were located and constructed in violation of New Hampshire law. Subsequently, the defendant, having concluded that there was no possible way that the property could meet his business requirements for sewage disposal and comply with State law, decided not to purchase plaintiffs' property. Plaintiffs brought suit, claiming they are entitled to liquidated damages in the amount of $5,000.

The trial court found that the defendant "justifiably refused to go forward on the purchase" and returned a verdict for the defendant. For reasons which follow, we affirm.

A review of the record in this case reveals that, prior to execution of the purchase-sale agreement, plaintiffs were aware that defendant, upon purchase of the property, intended to use it for industrial purposes, immediately requiring some thirty-five employees. During conversations with the defendant, plaintiff John McCarthy, who had had the septic systems built while he and his wife owned the property, made representations, express and implied, that the property was served by two septic systems, which were adequate. These representations were a material factor in defendant's decision to sign the purchase-sale agreement.

It is settled in this jurisdiction that: "[I]f, for the purpose of inducing the prospective buyer to change his position, the seller sees fit to make any representation, either express or implied, in respect to facts which are material to the subject matter of the sale, he must tell the truth." *Cunningham v. Company,* 74 N.H. 435, 437, 69 A. 120, 121 (1908). Likewise, "[i]t is the duty of one who volunteers information to another not having equal knowledge, with the intention that he will act upon it, to exercise reasonable care to verify the truth of his statements before making them." *Maxwell Ice Co. v. Company,* 80 N.H. 236, 238, 116 A. 34, 35 (1921). We have also held that one who makes a representation which is true when made has a duty to correct representations which are discovered to be false or erroneous prior to the time the transaction has been consummated. *Bergeron v. Dupont,* 116 N.H. 373, 374, 359 A.2d 627, 628 (1976); *Maxwell Ice Co. v. Company,* 80 N.H. at 239, 116 A. at 36.

The plaintiffs, realizing the importance of the septic systems to defendant's intended use of the property, made material rep-

resentations concerning them which in fact were not accurate.

It follows that if before closing the prospective purchaser undertakes an independent investigation and discovers a material representation upon which he has relied to be untrue, he may justifiably elect not to proceed further with the transaction.

We hold that on the evidence before it, the trial court was justified in making its finding that the defendant properly refused to go forward with the purchase of the McCarthy property and that he is not obligated to pay the $5,000 set as liquidated damages. In view of the result reached, it is unnecessary to consider the other exceptions of the plaintiffs.

*Judgment for defendant.*

LAMPRON and DOUGLAS, JJ., did not sit; the others concurred.