Rockingham
No. 81-054

WALTER J. INGAHARRO

v.

JACQUES E. BLANCHETTE & a.

January 20, 1982

*Janina Stodolski*, of Manchester, by brief for the plaintiff.

*Raymond Cloutier Law Offices*, of Manchester (*Richard L. Rodman* on the brief and orally), for the defendants.

KING, C.J. The plaintiff, Walter J. Ingaharro, after buying a house and lot from the defendants, Jacques E. Blanchette and Theresa Blanchette, brought an action against the defendants for negligent misrepresentation concerning the adequacy of the water supply serving his new home.

In June of 1978, the parties entered into a purchase-and-sale agreement for real property which was located in Candia, New Hampshire. The agreement contained a merger clause stating that

all representations were expressed in the writing. The writing made no reference to the water supply.

■■ The defendants argue that the merger clause precludes the admission of parol evidence regarding any oral representations by them before the execution of the agreement. We disagree. The parol evidence rule does not preclude the use of evidence tending to prove fraud or misrepresentation. *See Colby v. Granite State Realty, Inc.*, 116 N.H. 690, 691–92, 366 A.2d 482, 484 (1976) (quoting *Bergeron v. Dupont*, 116 N.H. 373, 375–76, 359 A.2d 627, 629 (1976)) (citations omitted).

The defendants, with their three children, had lived on the property for about ten years before selling the real estate to the plaintiff in July of 1978. During the ten-year period, the defendants had experienced some problems with the water supply, and they had hired professionals to redrill two of their three wells. Even with the redrilled wells, the defendants had to conserve water, especially in the summer. All of the neighbors in the surrounding area in which the property was located experienced the same problems with their water supply.

Before they sold the property to the plaintiff, the defendants made no statements regarding the adequacy of the water supply. When the plaintiff viewed the property, before entering into the purchase-and-sale agreement, he noticed the defendants' swimming pool. He did not ask about the source of water for the pool and was not informed that the pool was filled by bringing in water from elsewhere. The plaintiff also observed that the toilets in the house had not been flushed. Again he asked no questions, even though this measure is commonly used to conserve water.

After the plaintiff had taken possession of the property, the water supply failed. He called the defendants, and although they tried to assist him, the defendants were not able to correct the problem. The defendants then informed him that there was a water problem in the summer, but that the supply of water was increased in the fall. During the next year, the plaintiff experienced more water problems and as a result brought this action against the defendants.

The Master (*Mayland H. Morse, Jr.*, Esq.) concluded that the defendants' failure to inform the plaintiff of seasonal inadequacy in the water supply constituted negligent misrepresentation. The master concluded that the defendants were aware or should have been aware of the defect, and he determined that the plaintiff could not have discovered the defect upon a reasonable inspection. The defendants, therefore, had an obligation to disclose such infor-

mation. Concluding that the plaintiff reasonably relied on the defendants' omission, and that the inadequate water supply was material to the parties' contract, the master found for the plaintiff and awarded damages by multiplying the well-drilling cost per foot by the average depth of wells in the area where the property is located. The Superior Court (*Temple*, J.) approved the master's recommendation, and the defendants appealed to this court. We reverse.

 The essential elements of negligent misrepresentation are a negligent misrepresentation by the defendant of a material fact and justifiable reliance by the plaintiff. *Tober's Inc. v. Portsmouth Housing Auth.*, 116 N.H. 660, 663, 367 A.2d 603, 606 (1976); *see Mertens v. Wolfeboro Nat'l Bank*, 119 N.H. 453, 455, 402 A.2d 1335, 1337 (1979). The defendants argue that there can be no finding of negligent misrepresentation by mere omission in this case. We agree. The master erroneously relied on *Colby v. Granite State Realty, Inc.*, 116 N.H. 690, 366 A.2d 482 (1976) for the proposition that the seller has a duty to disclose latent defects. In *Colby*, this court concluded that the buyer has no duty to inspect, but can rely on the seller's representations. *Id.* at 691, 366 A.2d at 484. Buyers cannot successfully claim misrepresentation in the absence of some form of representation.

 We find no evidence in the record to support the conclusion that the defendants had a duty to disclose the inadequacy of the water supply. Without such a duty, mere silence is not sufficient for misrepresentation. *See Murphy v. Cartwright*, 202 F.2d 71, 73–74 (5th Cir. 1953). Some courts have concluded that, in some instances, the seller of property can have a duty to disclose defects. The defect must be a concealed defect known to the seller, unknown to the buyer and incapable of detection by the buyer's reasonable inspection. *Obde v. Schlemeyer*, 56 Wash. 2d 449, 452, 353 P.2d 672, 674–75 (1960). Additionally, the defect must be dangerous to property or life. *Id.* at 452, 353 P.2d at 674. The facts of this case do not give rise to a duty to disclose.

 Even if a seller has no duty originally, partial disclosure by a seller creates a duty of full disclosure. *Nichoalds v. McGlothlin*, 330 F.2d 454, 457 (10th Cir. 1964); *Junius Construction Corp. v. Cohen*, 257 N.Y. 393, 400, 178 N.E. 672, 674 (1931) (Cardozo, C.J.). Additionally, this court has concluded that if a seller makes a representation and later learns that the statement is false, he must reveal the learned information to the buyer. *Bursey v. Clement*, 118 N.H. 412, 414, 387 A.2d 346, 348 (1978); *McCarthy v.*

*Barrows,* 118 N.H. 173, 175, 384 A.2d 787, 788 (1978); *see Bergeron v. Dupont,* 116 N.H. at 374, 359 A.2d at 628. Here, no representations were made that would give rise to a duty of further disclosure.

■■ In the instant case, the defendants had no duty to disclose the inadequacy of the water supply because the master found that "[t]he defendants may have honestly believed the [water] system met the standards of adequacy." Although the master found that the plaintiff relied on the omission and that the water supply was material to the parties' contract, these factors alone cannot make the defendants liable for negligent misrepresentation. *See McCarthy v. Barrows,* 118 N.H. at 175, 384 A.2d at 788 (quoting *Cunningham v. Company,* 74 N.H. 435, 437, 69 A. 120, 121 (1908)). *See also Bergeron v. Dupont,* 116 N.H. at 374, 359 A.2d at 628.

■ The record indicates that a real estate broker, acting on the defendants' behalf, may have informed the plaintiff that the water supply was adequate. Because the trial court made no findings, we remand this issue to the trial court for further consideration of whether the salesman's statement constituted a misrepresentation and whether the salesman was acting as the defendants' agent. *See Colby v. Granite State Realty, Inc.,* 116 N.H. at 690–91, 366 A.2d at 483. *See also McCarthy v. Barrows,* 118 N.H. at 175, 384 A.2d at 788.

Because we hold that the defendants are not liable for negligent misrepresentation under the facts thus far determined, we need not address the issue of whether the damages awarded by the master were proper.

*Reversed and remanded.*

All concurred.