Belknap
No. 81-136

FRED H. CROSS & a.

v.

RICHARD A. LAKE & a.

February 19, 1982

*Falardeau, Mahan & Franks*, of Tilton (*Richard W. Mahan* on the brief and *William W. Franks* orally), for the plaintiff.

*Richard A. Lake*, by brief and orally, pro se.

PER CURIAM. When the plaintiffs sold them land in Tilton, the defendants executed a promissory note securing the balance of the purchase price. Approximately six months after they signed the note, the defendants defaulted and refused to pay the outstanding balance. The plaintiffs brought suit to recover on the note. The defendants filed a counterclaim, asserting that the plaintiffs failed to convey the 147 acres of land described in the deed but instead conveyed only 84.5 acres. The Master (*Robert A. Carignan*, Esq.) found for the plaintiffs, and his report was approved by *Batchelder*, J. We affirm.

The plaintiffs owned a farm in Tilton that was described as 147 acres in the deed they received. They had never had the property surveyed. When the plaintiffs decided to sell their property, they listed it as a 147-acre farm, more or less, with buildings. The defendant Richard A. Lake, a licensed real estate broker, saw the land in the summer of 1978 with an agent of Strout Realty, Inc., which listed the property. That agent testified that he told Lake the property did not contain 147 acres. Before purchasing, Lake checked town tax records on his own and learned that there was a substantial acreage discrepancy between the listing and the town records. Testimony indicated that, at the closing, Lake tried to secure an agreement that he would be reimbursed if he discovered that the property contained less than 147 acres. The sellers *refused to guarantee* that the acreage amount was accurate because they had never surveyed the land. Although the defendant had signed a purchase-and-sale agreement, the plaintiffs offered to allow him to withdraw from the deal if he did not want it at the agreed price. Although the parties presented conflicting evidence at trial, the master could reasonably have concluded from the evidence that Lake "knew or should have known that he was not about to receive 147 acres of land."

Lake nevertheless purchased the farm and received a warranty deed describing the property as 147 acres. He had the land surveyed, and the survey revealed that the property consisted

of only 84.5 acres. Although a frustrated buyer in some circumstances may be compensated when a warranty deed does not deliver what it warrants, *see* Groetzinger, *Breach of the Warranty Covenants In Deeds and the Allowable Measure of Damages*, 17 N.H.B.J. 1, 7–11 (1975), relief is not available to one who knew the true state of affairs and had knowledge superior to that of the sellers. *See Bursey v. Clement*, 118 N.H. 412, 415, 387 A.2d 346, 348 (1978); *Bergeron v. Dupont*, 116 N.H. 373, 375, 359 A.2d 627, 629 (1976). The record reveals no mutual mistake, fraud, misrepresentation, or unfair dealing. *See Ingaharro v. Blanchette*, 122 N.H. 54, 440 A.2d 445 (1982); *Mertens v. Wolfeboro Nat'l Bank*, 119 N.H. 453, 402 A.2d 1335 (1979); *Bursey v. Clement*, 118 N.H. at 414–15, 387 A.2d at 347–48; *McCarthy v. Barrows*, 118 N.H. 173, 175–76, 384 A.2d 787, 788 (1978); *Colby v. Granite State Realty, Inc.*, 116 N.H. 690, 691–92, 366 A.2d 482, 483–84 (1976).

We find no error, and accordingly the order is

*Affirmed.*

BATCHELDER, J., did not sit; DOUGLAS, J., sat but did not participate in the decision.