Cheshire
No. 81-356

### KEVIN WOODS

v.

### ROBERT P. SECORD

April 2, 1982

*Arthur Olson P.A.*, of Keene (*Edward J. Burke* on the brief and orally), for the plaintiff.

*William H. Kennedy*, of Keene (*Lawrence G. Brann* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

In this contract action, the defendant appeals from a verdict in the amount of $600 awarded the plaintiff by the Superior Court (*Contas*, J.) upon recommendation of the Master (*Mayland H. Morse, Jr.*, Esq.).

The dispute between the parties arose out of the plaintiff's purchase of a 1965 Pontiac GTO. The sale took place at the defendant's residence in West Swanzey on November 9, 1979, for $1,300. Immediately after the sale, and even before the automobile reached the Massachusetts border, the plaintiff experienced difficulties with it. On the evidence before him, the master concluded that the automobile was not fit for its intended use at the time of the sale, and that the plaintiff had effectively rejected it or revoked his acceptance of it under RSA 382–A:2–608, and had reasonably recovered the sum of $600 by selling the auto for salvage after the defendant refused the opportunity extended him to cure the non-conformity of the tendered goods.

The defendant argues that because the brief and informal purchase and sale agreement between the parties stated that the plaintiff purchased the automobile in "as is" condition without guarantee, the plaintiff cannot prevail. The master, however, specifically found that "[t]he purchase of the vehicle in an 'as is' condition based upon *representation* that the car was in good condition and ran properly was fundamental to the consideration on which the sale was predicated." (Emphasis added.)

Because the evidence below supports the decision of the master, and we find no other error, we affirm. *See* RSA 382–A:1–203; *McCarthy v. Barrows*, 118 N.H. 173, 175–76, 384 A.2d 787, 788 (1978).

*Affirmed.*