JAMES R. STEVENS & a.

v.

TOWN OF RYE & a.

July 14, 1982

*J. P. Nadeau*, of Rye, by brief and orally, for the plaintiffs.

*Griffin, Harrington, Brigham, Ritzo & Swanson*, of Portsmouth, and *Tetler & Holmes*, of Hampton (*Lindsey R. Brigham* and *Gary W. Holmes* on the brief, and *Mr. Brigham* orally), for the defendants.

KING, C.J. The plaintiffs appeal from the superior court's decision to uphold the action of the Town of Rye Zoning Board in overturning the building inspector's denial of a building permit

request by abutters of the plaintiffs' property. We affirm in part, reverse in part, and remand.

In August 1979, David and Mary Dufresne, who own property abutting the plaintiffs' real estate in Rye, New Hampshire, sought a permit which would allow them to use their property as a bath shop and showroom for plumbing and heating supplies. Prior to that time, the previous owner of the property had operated an automobile repair garage on the property and had used the barn to store hay and board horses. Additionally, he had had an apartment on the property; but after it burned, it was never rebuilt.

The building inspector denied the Dufresnes' request for a building permit, claiming that the property had not been used as a business for three years, and therefore, the non-conforming use had been abandoned. The Dufresnes appealed the building inspector's denial of a permit to the Town of Rye Zoning Board of Adjustment (board). On September 4, 1979, the board overturned the building inspector's decision and granted a variance to the Dufresnes. The board concluded that the previous owner's business had been operating at some time during the three years before the Dufresnes bought the property and, therefore, that the non-conforming use had not expired. Additionally, the board stated that the proposed use by the Dufresnes was at least as appropriate to the area as the previous non-conforming use had been.

Subsequently, the building inspector again denied a permit, and four days later, the plaintiffs requested that the board conduct a re-hearing. The board denied the plaintiffs' request, and simultaneously overturned the building inspector's second denial of a building permit. Finally, on November 6, 1979, the board granted a variance to the Dufresnes.

The plaintiffs appealed the board's final decision to the superior court. After a hearing, the Master (*Frank B. Clancy*, Esq.) recommended that the board's decision be upheld. He concluded that the non-conforming use had not been abandoned and that the proposed use was not an expansion of the previous non-conforming use. The Trial Court (*Bean*, J.) approved the master's recommendation, and the plaintiffs appealed to this court.

■ The plaintiffs argue that the trial court's decision that the non-conforming use had not been abandoned was clearly against the weight of the evidence. At trial, the plaintiffs produced evidence from several witnesses that there had been no business activity on the property for at least three years. The defendants, however, offered evidence that the automobile repair garage had continued to operate on a limited basis within the three-year period. While we

might agree that the plaintiffs produced substantial evidence that the use had been abandoned, we will not overturn the trial court's conclusions of fact, because it could reasonably have concluded on the evidence before it that the use had not been abandoned. *See Zimmerman v. Suissevale, Inc.*, 121 N.H. 1051, 1054, 438 A.2d 290, 292 (1980).

The trial court also concluded that the Dufresnes' proposed use was not an impermissible expansion of the existing non-conforming use. We disagree.

■■ RSA 31:62 protects existing non-conforming uses unless the proposed use is an "alteration of a building for use for a *purpose* or in a manner *substantially different* from the use to which it was put before alteration." RSA 31:62. (Emphasis added.) *See Town of Hampton v. Brust*, 122 N.H. 463, 468, 446 A.2d 458, 460 (1982). The proposed use in the instant case would change an automobile garage into a "bath shop" and plumbing supplies showroom. We conclude that the new use would represent a "*substantial change* in the *nature* and *purpose* of the original use." *Id.* at 468, 446 A.2d at 460 (emphasis in original); *see New London v. Leskiewicz*, 110 N.H. 462, 466, 272 A.2d 856, 860 (1970). The trial court's determination that the proposed use was as well suited or more appropriate to the area as the previous use had been is irrelevant. Because the proposed use is a significant change from the pre-existing non-conforming use, we must reject the trial court's conclusion that the Dufresnes' use was a permissible expansion of an existing non-conforming use.

■ Even after determining that the proposed use was a permissible expansion of an existing non-conforming use, the trial court upheld the board's grant of a variance to the Dufresnes. Neither the board nor the trial court, however, examined any of the criteria necessary for the grant of a variance. *See Moore v. City of Rochester*, 121 N.H. 100, 102, 427 A.2d 10, 11–12 (1981); *Ouimette v. City of Somersworth*, 119 N.H. 292, 294–95, 402 A.2d 159, 161–62 (1979); RSA 31:72 III. For that reason, we remand for a hearing and determination of whether a variance should be granted.

*Affirmed in part; reversed in part; remanded.*

All concurred.