Sullivan
No. 82-026

RICHARD J. MASSARO & *a.*

v.

ANDRINA CARTER

September 8, 1982

*Bussiere & McHugh*, of Manchester (*Kenneth R. McHugh* on the brief and orally), for the plaintiffs.

*Elliott, Jasper & Bennett*, of Newport (*Louie C. Elliott, Jr.*, on the brief and orally), for the defendant.

KING, C.J. The defendant, Andrina Carter, appeals the trial court's decision to award damages to the plaintiffs, Richard J. Massaro and Mary Jane Massaro, in their action for negligent misrepresentation. We affirm.

Shortly after purchasing the Hilltop Motel (Hilltop) in Newport, New Hampshire, the defendant employed a pool-cleaning and

repair company to service Hilltop's pool. This company opened and closed the pool until 1979, when the defendant hired another repairman to fix some discovered damage. In the fall of 1979, the defendant employed a third repairman to close the pool. Prior to the repairman's arrival, the defendant drained the pool. The repairman completed the closing procedure.

After the pool had been closed, the plaintiffs began negotiations with the defendant to purchase Hilltop. At this time, the defendant stated that the pool was in excellent condition. She also informed the plaintiffs that she had had some problems with the pool in the past but did not disclose that she had drained the pipes herself in the fall of 1979. The closing on the property took place in January 1980. When the plaintiffs attempted to open the pool in the spring of 1980, they discovered that because the pipes had not been properly drained, the pool had sustained considerable damage.

At trial before a Master (*Charles T. Gallagher*, Esq.), there was conflicting testimony presented regarding the reason why the pipes had not been properly drained. The defendant asserted that she had lowered the water level at the repairman's request, but expected that he would complete the job of closing the pool. The repairman, however, testified that the defendant told him that she had taken care of everything concerning the drainage and that all he needed to do was complete the other aspects of closing the pool.

Initially, the master found that the defendant was not liable for negligent misrepresentation, but was liable for ordinary negligence. The plaintiffs then amended their writ to include a count based on ordinary negligence. After the defendant objected to the amendment, the master reconsidered his decision and concluded that the defendant was liable for negligent misrepresentation. The Trial Court (*DiClerico*, J.) approved the master's recommendation to award damages to the plaintiffs, and this appeal followed.

■■ The defendant argues that it was error for the master to reverse his initial decision in this case. We disagree. The trial court has the power to reverse itself at any time prior to final judgment if the interests of justice so require. *Redlon Co. v. Corporation*, 91 N.H. 502, 503, 23 A.2d 370, 372 (1941); *cf. State v. Thomson*, 110 N.H. 190, 191, 263 A.2d 675, 676 (1970). Final judgment had not been entered when the master reconsidered his original decision. Additionally, because the master believed that he had relied on an erroneous legal theory in reaching his original decision, the interests of justice required that he reconsider his decision.

The defendant also argues that there was insufficient evidence

presented for the master to conclude that she was liable for negligent misrepresentation. We disagree.

■■ Although there was conflicting testimony regarding the cause of the damage to the pool, the master concluded that the defendant had caused the damage by undertaking the closing of the pool without professional assistance. Conflicts in evidence are matters to be resolved by the trial court, *State v. Ahern*, 122 N.H. 744, 746, 449 A.2d 1224, 1226 (1982); *see Stevens v. Rye*, 122 N.H. 688, 690, 448 A.2d 426, 428 (1982), and we will not disturb the trial court's resolution of the conflict if a reasonable person could have found as the trial court did. *See id.* at 690, 448 A.2d at 428. The fact that the master believed the repairman's testimony rather than the defendant's is not reversible error. *See State v. Thresher*, 122 N.H. 63, 71, 442 A.2d 578, 582 (1982).

■■ The master further determined that by stating that the pool was in excellent condition, the defendant misrepresented the facts. *See generally Ingaharro v. Blanchette*, 122 N.H. 54, 57, 440 A.2d 445, 447 (1982). The pool was closed and the master found that it had been closed by the defendant in a nonprofessional manner. Therefore, the defendant could not have known that the pool was in good condition. Once she chose to inform the plaintiffs about the pool's condition, she had an obligation to tell the truth. *See id.* at 57, 440 A.2d at 447. Because the defendant had drained the pool without professional assistance, she should not have represented that the pool was in excellent condition. She had no way of knowing what might have happened to the pool over the winter; she should have told the plaintiffs that she did not know the present condition of the pool. Furthermore, once the defendant disclosed part of the information concerning the history of the pool's repair, she was under an obligation to reveal the fact that she had drained the pipes herself in the fall of 1979. *See id.* at 57, 440 A.2d at 447. Finally, the defendant knew that the plaintiffs were relying on her representations because they had no way of discovering any defects on their own while the pool remained closed for the winter. *See id.* at 57, 440 A.2d at 447.

For the reasons stated, we affirm the decision of the trial court.

*Affirmed.*

All concurred.