OPINION OF THE COURT
Jerome B. Fleischman, J.
Plaintiff sued defendant to recover the unpaid balance of the price for a 1967 Mustang automobile purchased by defendant from plaintiff pursuant to a written contract. Defendant counterclaimed for damages alleging fraud and misrepresentation.
When defendant first spoke to plaintiff about purchasing the *1062 automobile, she asked him if anything was wrong with it. He told her that there were some minor things wrong. It was leaking steering fluid and needed new tires, a brake adjustment, a tune-up and a new windshield. Otherwise, he stated the automobile was in prime condition. The engine had just been rebuilt and it would take her a long distance. After the defendant had inspected the car and taken it for a test drive, the parties signed a written memorandum of sale for a price of $1,500 with time payments which stated that: "car purchased in the present condition is responsibility of buyer from this date on.”
Twenty-two days and 400 miles later the car broke down with the motor banging and steaming. In fact, the motor had not been rebuilt and had to be replaced at a cost of $800; the ball joints had to be replaced in order to fix the steering at a cost of $220 and the brakes had to be replaced at a cost of $163. Defendant had already paid plaintiff $600 on account of the price. She discontinued making the payments called for in the contract and this lawsuit ensued.
Prior to the adoption of the Uniform Commercial Code effective in 1964, the law in New York was clear. An "as is” sale did not preclude a buyer from showing that the goods were not as represented. Thus, in Morris Run Coal Co. v Carthage Sulphite Pulp & Paper Co. (210 App Div 678, affd without opn 242 NY 567 [1926]) it was held that even though there was an "as is” sale there was a representation that the merchandise was "good” thereby creating an express warranty that it could be used for the intended purpose which, if breached, would give the buyer a cause of action for damages.
And in Prentice v Fargo (53 App Div 608, affd without opn 173 NY 593 [1903]) it was held that an "as is” sale of seed wheat did not prevent the buyer from claiming a breach of implied warranty that the seed wheat was suitable for sowing. The theory of both of these cases seems to be that "as is” means "as represented”, either express or implied.
UCC 2-316 (3) (a) and (b) now exclude implied warranties in the case of "as is” sales or where the buyer has had an opportunity to examine the goods. No mention is made therein of express warranties and I could find no case in New York on the subject since the enactment of the Uniform Commercial Code. However, there have been several cases decided in other jurisdictions which support the proposition that where there has been some express representation as to *1063 the condition of the goods which is false, the fact that the sale is "as is” does not preclude the buyer from claiming damages for breach of an express warranty. (See, Woods v Secord, 122 NH 323, 444 A2d 539, 33 UCC Rep Serv 1313 [NH 1982]; State v Osborn, 63 Ohio Misc 17, 16 Ohio Op 3d 88, 409 NE2d 1077 [1980].)
While a good deal of what the plaintiff stated to defendant was "puffery” which should not have been relied upon by defendant to purchase the automobile, the representation that the engine had just been rebuilt was an express warranty which was relied upon by defendant as a basis of the bargain and she is entitled to damages sustained by reason of its falsity. (See, Ekizian v Capurro, 111 Misc 2d 372 [1981]; McGregor v Dimou, 101 Misc 2d 756 [1979].) The fact that the warranty was oral and the contract of sale was written does not invoke the parol evidence rule to ban proof of the warranty. I find that the written agreement was not intended as a complete and exclusive statement of the terms of the agreement, and thus, evidence of express warranty was admissible. (Computerized Radiological Servs. v Syntex Corp., 595 F Supp 1495 [US Dist Ct, EDNY 1984]; Valente, Inc. v Mascitti, 163 Misc 287.)
By reason of the foregoing, plaintiffs claim for the balance of the price in the sum of $900 should be offset by the $800 damages sustained by defendant for plaintiffs breach of warranty that the motor had just been rebuilt. The claim for the cost of repairing the steering and brakes were not covered by any warranty and are therefor disallowed. Plaintiff was not a "dealer” so as to be covered by the "Lemon Law”.
Judgment is awarded plaintiff in the sum of $100 plus costs.