McGregor v. Friedrichs v. Mullen    CV-98-124-M    04/15/99
                    UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


Douglas McGregor and Karen McGregor,
        Plaintiffs and Third-Party Plaintiffs

        v.                                      Civil No. 98-124-M

James J. Friedrichs, Esq.,
        Defendant and Third-Party Plaintiff

        v.

Teresa Mahoney Mullen, Esq.; and
Law Offices of Pamela D. Albee
        Third-Party Defendants

                        **O R D E R**


        Defendant and third-party plaintiff James J. Friedrichs,

Esq., sues third-party defendants Teresa Mullen, Esq., and the

Law Offices of Pamela Albee, asserting two claims:  negligent

misrepresentation and contribution (mislabeled as "Count I:

Negligent Misrepresentation").  The third-party defendants move

to dismiss both counts.

        The third-party complaint's negligent misrepresentation

count seems facially meritless.  In the underlying case Mr.

Friedrichs, an attorney, is being sued for malpractice by clients

who hired him to represent their interests in connection with the

purchase of waterfront property in Wolfeboro, New Hampshire.

Attorney Friedrichs concedes he was retained to review the

purchase and sale agreement, perform a title search, review the

deed, and handle the closing.  Upon searching the title, Attorney

Friedrichs learned that the sellers had previously sold a portion

of the property his clients apparently thought they were buying.

So, he knew or had very good reason to know that the sellers could not convey title to that portion of the property. The proposed deed from sellers to Friedrichs' clients, prepared by Attorney Mullen, did not reflect that prior sale in the description of the property to be conveyed. Friedrichs did not recognize the error when he reviewed the draft deed. His clients went forward with the closing to their detriment.

Upon discovering the defect in their title to the property, Attorney Friedrichs' clients sued him. He, in turn, sued Attorney Mullen (and her firm), claiming that she "negligently misrepresented" material facts to him (i.e., the description of the property to be conveyed), upon which misrepresentations he "justifiably relied" to his own detriment. He also claims that Attorney Mullen and her firm would be jointly liable to his clients (who are not suing Attorney Mullen, her clients, or her firm), if he is found liable to them, and so brings the contribution claim.

The contribution claim is probably not premature under New Hampshire law, since plaintiffs loosely indicated their consent to its filing. See Connors v. Suburban Propane Company, 916 F.Supp. 73 (D.N.H. 1996); N.H. Rev. Stat. Ann. Ch. 507:7-g(IV)(c). Nevertheless, both the contribution claim and the negligent misrepresentation claim fail to state causes of action upon which relief can be granted.

Attorney Friedrichs asserts, in rather conclusory fashion, that Attorney Mullen, as counsel to the sellers, owed him, as

2

buyers' counsel, a duty to present a proposed deed for his review that accurately described the property her clients were able to convey. He also claims (rather surprisingly) that he had a right to justifiably rely on the accuracy of the property description in the draft deed, without the need for him to actually review it. That is, he seems to believe that he could justifiably accept the draft description as correct, notwithstanding his own obligation to search the title, his actual knowledge of the "defect" in sellers' title, and his own independent duty to professionally review the draft deed to insure that it precisely described the property which the sellers were in a position to convey. After all, the buyers retained (and, presumably, were paying) Attorney Friedrichs' to protect against the very harm they suffered.

Attorney Friedrichs also seems to suggest that his own alleged negligence in failing to review the draft deed (or reviewing it in a manner that failed to meet the requisite standard of care) did not constitute a breach of duty resulting in harm to his clients distinct from any harm occasioned by sellers' counsel's drafting negligence. As Attorney Friedrichs sees it, he and sellers' counsel are jointly liable to his clients if he is liable.

There are no unique or specific facts pled by Attorney Friedrichs which might suggest an unusual or special relationship between him and Attorney Mullen, sellers' counsel. The third-party complaint describes a rather ordinary real estate

3

transaction. As is customary, sellers' counsel provided buyers' legal counsel with a draft deed for review, so buyers' counsel could assure that the buyers' legal interests were fully protected. Under the circumstances, as the buyers' attorney, Friedrichs can hardly be heard to claim a right to "justifiably rely" on the accuracy of Attorney Mullen's description of property to be conveyed in the draft deed when the very purpose of presenting the draft deed to him was to provide him with an opportunity to professionally review it to insure its accuracy and satisfactory character.

The point is both intuitive and self-evident, and extensive legal analysis beyond that set out in the third-party defendants' supporting memorandum is not warranted. Attorney Friedrichs surely knew that his clients had not retained him simply to rely on the accuracy and legal sufficiency of whatever sellers' counsel drafted or proposed. Besides, there is no question that Attorney Friedrichs was independently obligated to review the deed in accordance with the applicable professional standard of care, specifically to discover and remedy any descriptive errors that might inure to the detriment of his clients. A faulty deed description is fairly basic as drafting errors go; one easily recognizable upon fairly superficial review and comparison to the results of a title search (which Attorney Friedrichs had in hand).

The short of it is this: nothing pled by Attorney Friedrichs (even accepting all facts pled by him as true and

considering them in a light favorable to his position) is sufficient to establish his justifiable reliance on the faulty property description. His reliance on Attorney Mullen's draftsmanship under these circumstances was neither justifiable nor reasonable as a matter of law. Rather, Attorney Friedrichs was duty bound to exercise independent professional care in representing his clients' interests, and that meant independently and carefully examining the deed and land records to assure himself and his clients that all was in order. Attorney Friedrichs simply had no right at all to rely upon the accuracy of the deed description under the circumstances recited in his third-party complaint and memorandum in opposition to the motion to dismiss. At a minimum, it cannot be said that such reliance was "reasonable" or "justifiable."

It is equally apparent that sellers' counsel owed no common law duty of due care to Attorney Friedrichs or his clients, the buyers. Her undivided loyalty, under the circumstances described in the third-party complaint, was to her own clients — the sellers. Buyers were represented by independent counsel, and the buyers nowhere claim to have relied on sellers' counsel to do Attorney Friedrichs' job with regard to protecting their legal interests. Attorney Mullen also could expect that Attorney Friedrichs would not blindly rely on her draftmanship, but would actually review the deed and title search results. More importantly, however, no special relationship between Friedrichs and Mullen has been pled that would warrant imposition of any

5

actionable duty running from her to him relative to her draftmanship.  To the extent Attorney Friedrichs implies in his third-party complaint that his <u>clients</u> were relying on sellers' counsel to draft an accurate deed description, that reliance also would hardly be legally justified or reasonable, since they retained him as their counsel, to independently review the deed description for accuracy, search the title, and otherwise protect their discrete legal interests in connection with their purchase.

Attorney Friedrichs points to no controlling New Hampshire law or precedent that might suggest some other result.  None of the cases cited by Attorney Friedrichs comes close to suggesting that legal counsel might justifiably rely on opposing counsel's deed draftmanship as being error-free, particularly where counsel has been independently retained by the buyers to check that very draftmanship for material errors.  It is doubtful, to say the least, that the New Hampshire Supreme Court would find such a common law duty, or would recognize such "justifiable reliance," or would even remotely consider a deed drafting error by one counsel to constitute a "negligent misrepresentation of fact" to opposing counsel, upon which opposing counsel might justifiably rely.  It is equally unlikely that the court would conclude that any special relationship exists between opposing counsel warranting imposition of an actionable duty to avoid misrepresentations of the sort identified by Attorney Friedrichs. <u>See</u> <u>generally</u>, <u>Stillwater Condominium Assn. et al. v. Town of Salem</u>, 140 N.H. 505 (1995); <u>Island Shores Condo Assn. v. City of</u>

Concord, 136 N.H. 300 (1992); McCarthy v. Barrows, 118 N.H. 173, 175 (1978).

For the reasons given, and those set out in third-party defendants' memorandum in support of their motion to dismiss, the third-party complaint is hereby dismissed for failure to state claims upon which relief can be granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 15, 1999

cc: Steven M. Latici, Esq.
Peter G. Beeson, Esq.
Cheryl M. Hieber, Esq.