Hillsborough-southern judicial district
No. 2006-829

74 Cox Street, LLC & a.

v.

City of Nashua & a.

Argued: June 7, 2007
Opinion Issued: September 21, 2007

*Prunier & Prolman, P.A.*, of Nashua (*Andrew A. Prolman* on the brief and orally), for the petitioners.

*Office of Corporation Counsel*, of Nashua (*David R. Connell* on the brief and orally), for respondent City of Nashua.

BRODERICK, C.J. The petitioners, 74 Cox Street, LLC and Andrea Harding, appeal an order of the Superior Court (*Groff*, J.) dismissing their petition for a writ of certiorari which challenged a decision of the Nashua Zoning Board of Adjustment (ZBA) to reconsider its denial of a request for a rehearing filed by the intervenors, Peter L. and Amy J. Bedard. We affirm.

The facts of this case are not in dispute. In September 2005, the ZBA granted the petitioners' application for two variances. The intervenors filed a timely request for rehearing, to which the petitioners objected. At a ZBA meeting on December 6, a motion to grant rehearing received no second and, consequently, the ZBA denied the intervenors' request.

On December 13, the intervenors wrote to the ZBA, contending that various documents they had submitted in support of their request for rehearing had not been transmitted to the board and asking the board to reconsider its denial of their request for rehearing. At its December 13 meeting, the ZBA granted the request to reconsider its earlier denial, and tabled the matter until its scheduled January 10, 2006 meeting. The question of whether or not to grant the renewed request for rehearing was added to the agenda for the January meeting, which was published on December 29. On the day of the January 10 meeting, the petitioners objected, by letter, to the ZBA's December 13 decision to reconsider its December 6 denial of rehearing. At the January meeting, the ZBA voted to grant the renewed request for rehearing, explaining that it had "information that was not presented or available at the time of the original hearing."

Before the ZBA could conduct a rehearing, the petitioners filed the present action in the superior court. While it was styled as an appeal from the ZBA's decision to reconsider its denial of the intervenors' request for rehearing, under RSA 677:4 (Supp. 2006), the trial court treated the filing as a petition for a writ of certiorari, reasoning that RSA 677:4 grants no right of appeal from a ZBA's decision to grant a request for rehearing. After establishing the proper standard of review, the trial court ruled that the ZBA had the inherent authority to revisit a denial of a request for rehearing during the thirty-day statutory appeal period. As a consequence, the trial court dismissed the petition. This appeal followed.

We begin by noting that while the respondent urged the trial court to treat the petitioners' filing as a certiorari petition rather than an appeal, it is not at all clear that certiorari review was legally available to the petitioners under the circumstances of this case. Ordinarily, certiorari will not be granted where an adequate remedy is available on appeal. *Petition of Turgeon*, 140 N.H. 52, 53 (1995). Here, if the rehearing had proceeded without the petitioners' filing in the superior court, they may still have

obtained their variances, making the questions raised here moot. And if the variances were ultimately denied, then the petitioners could have litigated the issues they raise here in an appeal from a ZBA decision denying the variances. Thus, had we been asked to do so, we may well have affirmed the trial court's dismissal of the certiorari petition on grounds that the petitioners were not entitled to certiorari review in the first instance. However, as it was the respondent who advocated certiorari review, we will assume without deciding that certiorari review was available to the petitioners, and, like the trial court, we will proceed to the merits of the case.

▉ Certiorari is an extraordinary remedy that is not granted as a matter of right, but rather at the discretion of the court. *Petition of State of N.H. (State v. San Giovanni)*, 154 N.H. 671, 674 (2007). The writ is granted only when it is needed to serve the substantial ends of justice. *Petition of Evans*, 154 N.H. 142, 145 (2006), *cert. denied*, 127 S. Ct. 1888 (2007). Review on certiorari is limited to whether the agency acted illegally with respect to jurisdiction, authority or observance of the law, whereby it arrived at a conclusion which could not legally or reasonably be made, or unsustainably exercised its discretion or acted arbitrarily, unreasonably or capriciously. *Id.* We, in turn, will uphold the trial court's decision on a certiorari petition unless it is not supported by the evidence or is erroneous as a matter of law. *Heron Cove Assoc. v. DVMD Holdings*, 146 N.H. 211, 213 (2001).

The petitioners list five separate issues in their notice of appeal and their brief, but the brief itself advances two arguments: (1) that a New Hampshire ZBA has no inherent authority to act outside the statutory framework of RSA chapter 677 and reconsider a denial of a request for rehearing, either upon its own motion or at the request of an aggrieved party; and (2) allowing a ZBA the inherent authority to reconsider its own decisions violates the due process rights of parties such as the petitioners in this case. We disagree.

The principal question in this appeal—whether a ZBA has the inherent authority to reconsider the denial of a request for rehearing—is one of first impression in New Hampshire. In the petitioners' view, ZBAs are creatures of statute, and because RSA chapter 677 requires parties disappointed by the denial of a rehearing request to appeal to the superior court, and does not authorize ZBAs to reconsider such denials, the ZBA in this case acted unlawfully. In other words, the petitioners accuse the ZBA of "legally err[ing] in making up a new process for this case" and charge "[t]he Superior Court [with] compound[ing] the error by upholding a process which doesn't exist."

■ While we agree with the petitioners that "[c]ities and towns have only such powers as the State grants them," *Bussiere v. Roberge*, 142 N.H. 905, 909 (1998) (quotations omitted), and that RSA chapter 677 does not set out any procedure by which a ZBA may reconsider a decision to deny rehearing, that is not the end of the matter. We have no difficulty concluding that when the legislature authorized ZBAs to grant or deny requests for rehearing, *see* RSA 677:3, II (1996), that statutory grant included the authority to reconsider decisions to deny rehearing within the thirty-day limit recognized by the trial court. Notwithstanding that municipal boards and courts come by their authority in different ways, we believe that municipal boards, like courts, have the power to reverse themselves at any time prior to final decision if the interests of justice so require. *See Massaro v. Carter*, 122 N.H. 804, 806 (1982). We hold that belief because the statutory scheme established in RSA chapter 677 is based upon the principle that a local board should have the first opportunity to pass upon any alleged errors in its decisions so that the court may have the benefit of the board's judgment in hearing the appeal. *Blagbrough Family Realty Trust v. Town of Wilton*, 153 N.H. 234, 238-39 (2006). Given that understanding of the principle underlying RSA chapter 677, we see no basis for concluding that the legislature intended for ZBAs not to have the power to reconsider their own decisions, and potentially correct their own errors, during the time period allotted by statute for parties to appeal those same decisions. Here, it is difficult to see how the interests of justice would have been served by requiring the intervenors to appeal to the superior court and participate in a proceeding in which the petitioners would rely upon, and defend, a decision the ZBA was ready to disavow.

Next we turn to the issue of due process. Without referring to either the Federal Constitution or the State Constitution, the petitioners argue in their brief that the ZBA violated their right to procedural due process in two ways: (1) by entertaining and granting a request for reconsideration, which is not authorized by statute; and (2) by failing to provide them with notice and an opportunity to be heard on December 13. In conjunction with their due process argument, the petitioners also contend that if we were to affirm the trial court, we would undermine the finality of land use decisions and wreak havoc on real estate development.

As a preliminary matter, we note that the due process argument the petitioners make in their brief is not the one identified in their notice of appeal. The only constitutional question presented in the notice of appeal is the fifth issue raised: "Did the trial court err in not considering appellant's arguments that a zoning board's reconsideration of a rehearing denial violates an applicant's procedural due process rights?" More

importantly, however, there is nothing in the record before us to demonstrate that any of the petitioners' due process arguments have been preserved for appeal.

It is a long-standing rule that parties may not have judicial review of matters not raised in the forum of trial. *Bean v. Red Oak Prop. Mgmt.*, 151 N.H. 248, 250 (2004). Moreover, it is the burden of the appealing party, here the petitioners, to provide this court with a record sufficient to demonstrate that they raised their issues before the trial court. *Id.* Because our rules affirmatively require the moving party both to provide a sufficient record on appeal and to demonstrate where each question presented on appeal was raised below, *see* SUP. CT. RS. 13, 16(3)(b), failure of the moving party to comply with these requirements may be considered by the court regardless of whether the opposing party objects on these grounds.

Here, the petitioners charge the trial court with failing to consider their due process argument and, indeed, the trial court's order is silent on the issue of due process. However, notwithstanding the petitioners' assertion that they raised that due process argument in their motion for reconsideration, that motion is not part of the record provided by the petitioners. They have also failed to provide a copy of their original filing in the superior court, and the transcript of the superior court hearing is devoid of any reference to due process. Thus, the petitioners' due process arguments have not been preserved for our review, and we decline to address them. We further note that there is nothing in the record to suggest that the petitioners made a due process argument before the ZBA, making it unlikely that any such argument was preserved for review in the superior court.

Our disposition of the petitioners' constitutional claim, and the facts of this case, allow us to make short work of their remaining argument, which focuses upon the lack of finality that would result from our affirming the trial court. First, it is undisputed that when the ZBA decided to reconsider the December 6 decision, the benefits of which the petitioners wish to retain, that decision was weeks away from becoming final, which means that the ZBA's decision to reconsider its December 6 decision placed the petitioners in no worse a position than they would have been in if the intervenors had appealed to the superior court. And, arguably, the ZBA's decision to reconsider placed the petitioners in a better position; the question raised by the intervenors' motion to reconsider was resolved on January 10, when the ZBA voted to grant the request for rehearing, while that same question would have taken much longer to resolve had the intervenors appealed to the superior court. It seems to us that the

interests of finality were better served by the ZBA's reconsidering its December 6 decision than those interests would have been served by the necessarily more lengthy superior court appeal process. Second, and more importantly, the superior court did not rule that the ZBA had unfettered power to reconsider its decisions. Rather, it ruled, correctly we believe, that the ZBA was entitled to exercise its inherent power to reconsider its decision only during the statutory appeal period. Thus, by affirming the trial court, we will not be subjecting ZBA decisions—or those who rely upon them—to an open-ended period of vulnerability to reconsideration.

To conclude, we hold that a ZBA has the inherent authority to reconsider a decision to deny a request for rehearing, upon its own motion or at the request of a party to the proceeding, within the thirty-day appeal period established by RSA 677:4. Accordingly, the trial court's decision to dismiss the certiorari petition was not erroneous as a matter of law, and so we affirm it.

*Affirmed.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.